Summer Shaw, Esq. (SBN 283598)
Alina Mamlyuk, Esq. (SBN 284154)
SHAW & HANOVER, PC
44-901 Village Court, Suite B
Palm Desert, CA 92260
Telephone No:(760) 610-0000
Facsimile No: (760) 687-2800
Email: ss@shaw.law
*Special Counsel for Debtor, Vickie Lynn Amburgey*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>VICKIE LYNN AMBURGEY,<br><br>Debtor. | Case No.: 6:25-bk-11653-RB<br><br>Chapter: 7<br><br>**DEBTOR'S MOTION FOR AN ORDER TO SHOW CAUSE WHY THE UNITED STATES OF AMERICA, ON BEHALF OF ITS AGENCY, THE INTERNAL REVENUE SERVICE, SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR KNOWINGLY VIOLATING THE DISCHARGE INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF VICKEY LYNN AMBURGEY AND SUMMER SHAW IN SUPPORT THEREOF**<br><br>[11 U.S.C. §§ 105, 524; Fed. R. Bankr. P. 9014 & 9020; L.B.R. 9020-1 & 9013-1]<br><br>(No Hearing Required) |

**TO THE HONORABLE MAGDALENA REYES BORDEAUX, UNITED STATES BANKRUPTCY JUDGE; AND THE INTERNAL REVENUE SERVICE, ALLEGED CONTEMNOR:**

Debtor, Vickie Lynn Amburgey (the "Debtor"), in the above-captioned Chapter 7 bankruptcy case, identified as Case Number 6:25-bk-11653 (the "Bankruptcy Case"), hereby files this Motion For An Order To Show Cause Why the Internal Revenue Service (the "IRS"/"Alleged Contemnor") Should Not Be Held In Contempt of Court For Knowingly Violating The Discharge Injunction (the

"Motion") and moves, pursuant to 11 U.S.C. §§ 105 and 524, Federal Rule of Bankruptcy Procedure ("FRBP") 9014 & 9020, and Local Bankruptcy Rules ("LBR") 9020-1 and 9013-1[1] for an order to show cause why contempt sanctions should not be awarded against the IRS for its past and ongoing violations of the discharge injunction of 11 U.S.C. § 524 as redress for continuing collection efforts on pre-petition discharged taxes after such discharged taxes were discharged in the Bankruptcy Case.

As discussed in detail below, there is cause to find a willful violation of the discharge injunction under 11 U.S.C. § 524 as to the IRS and award damages, including monetary damages, emotional distress damages, attorneys' fees and costs, coercive penalties, and other appropriate sanctions for the willful violation of the discharge injunction by the IRS. It appears that without the involvement of this Court, the IRS will not respect Debtor's discharge and will continue the harassing campaign of re-recording liens based on debt that has already been discharged.

The Motion is based upon the following Memorandum of Points and Authorities, Declaration of Debtor and her special counsel, Summer Shaw, and the papers, records and pleadings in the Bankruptcy Case, and upon all other such evidence that this Court may consider.

**The Alleged Contemnor has 7 days from service of this Motion to respond to/object to the issuance of the order requested in the Motion pursuant to LBR 9020-1(b). Pursuant to LBR 9020-1(c), the Debtor is lodging a proposed order in the form contained in Exhibit 10 attached to this Motion.**

WHEREFORE, the Debtor respectfully request that this Court enter an Order:

1. Granting the Motion in its entirety and entering an Order to Show Cause why the IRS should not be held in contempt of Court for knowingly violating the Discharge Injunction ("OSC") and be required to pay the following for their willful violation of the Discharge Injunction in this case:

a) Awarding the Debtor sanctions against the IRS to compensate the Debtor for, among other things:

[1] *See also Barrientos v. Wells Fargo Bank, N.A*. 633 F. 3d 1186, 1191 (9th Cir 2011) (finding that contempt proceedings for a violation of 11 U.S.C. § 524 must be initiated by motion in the bankruptcy case under FRBP 9014 and not by adversary proceeding.



Shaw & Hanover PC Bankruptcy, Creditor Rights & Related Litigation

i. Attorney's costs and fees incurred in addressing the violation of the discharge in the Case, which attorney's fees total $6,262.50 as of August 11 2026 and which continue to accrue;

ii. Incidental damages for transportation costs, mail, faxes, and phone charges, if any, in an amount to be provided and supported by the submission of additional evidence;

iii. Imposing a sufficient "coercive sanction," as determined by this Court and payable to the Debtor for the emotional distress she experienced from the IRS' willful violation of the Discharge; and

iv. Imposing a sufficient "coercive fine," as determined by this Court and payable to the Court for every month that the IRS fails to comply with 11 U.S.C. §§524 and 105;

2. Setting a hearing on the OSC for the earliest time convenient for the Court; and
3. Granting such other and further relief as the Court deems just and proper.

Dated: August 11, 2026

Respectfully submitted,

**SHAW & HANOVER, PC**

/s/ Summer Shaw

By: ______________________________

Summer Shaw / Alina Mamlyuk
Special Counsel for Debtor,
Vickey Lynn Amburgey

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF RELEVANT FACTS

1. Debtor filed a Chapter 7 Bankruptcy on March 18, 2025 ("Petition Date"), known as Case No. 6:25-bk-11653-RB (the "Case"). *See* Docket No 1. Pursuant to Rule 201 of the Federal Rules of Evidence ("FRE"), the Court is respectfully requested to take judicial notice of the pleadings filed in this case and as referenced by docket numbers on its docket.

2. The Order of Discharge was entered by this Court on June 30, 2025. *See* Docket No. 12 ("Discharge") a copy of which is attached to the Declaration of Vickie Lynn Amburgey ("Amburgey Dec") as **Exhibit 1**.

3. Pre-petition, Debtor had worked in sales for 25 years. *See* Amburgey Dec.

4. Pre-petition and on the Petition Date Debtor resided at real property located at 69110 Aliso Road, Cathedral City, California (the "Residence"). *Id.*

5. Pre-petition, the IRS recorded the first Notice of Federal Tax Lien in favor of the United States of America ("1st IRS Tax Lien") on March 20, 2019, as instrument number 2019-0094005 in the Official Records of Riverside County, State of California which created a lien on the Residence. A true and correct copy of the 1st IRS Tax Lien is attached to the Declaration of Summer Shaw ("Shaw Dec") as **Exhibit 2**, in which Debtor requests the Court to take Judicial Notice of this recorded document.

6. Pre-petition, the IRS recorded the second Notice of Federal Tax Lien in favor of the United States of America ("2nd IRS Tax Lien") on July 19, 2019, as instrument number 2019-0269434 in the Official Records of Riverside County, State Court California which created another lien on the Debtor's Residence. A true and correct copy of the 2nd IRS Tax Lien is attached to the Shaw Dec as **Exhibit 3,** in which Debtor requests the Court to take Judicial Notice of this recorded document. The 1st IRS Tax Lien and the 2nd IRS Tax Lien are collectively referred to as the "*IRS Tax Liens*."

7. The IRS was listed as a creditor in Debtor's case. *See* Docket No 1 ("Petition") at pages 20-23.

8. The IRS was included as a creditor in the "Master Mailing List of Creditors" at several

addresses through which it regularly receives notices. *See* Petition at pages 52-53.

9. The IRS received notice of the Debtor's bankruptcy. *See* Docket Nos 3 and 12 for evidence that the Court mailed the Notice of Filing Chapter 7 and the Discharge to the IRS at the addresses listed in Debtor's Petition.

10. On June 17, 2025, the IRS filed a Proof of Claim in the Debtor's Case, which is known as Claim No. 8 on the Court's claim register in the Case, in the amount of $233,544.61 relating to the IRS Tax Liens ("IRS Claim"). *See* Claim No. 8 which is attached to the Amburgey Dec as **Exhibit 4**.

11. On or around September 3, 2025, after the Discharge was entered by the Court, on June 30, 2025, the IRS recorded and sent to the Debtor a Certificate of Release of Federal Tax Lien ("Release 1") as document number 2025-0270793. A true and correct copy of Release 1 is attached to the Amburgey Dec as **Exhibit 5.**

12. Release 1 certifies that the Debtor, as the taxpayer, has received a release of The 1st IRS Tax Lien. Release 1 specifically details that the release includes the 1st IRS Tax Lien.by referencing the "March 20, 2019" date on which 1st IRS Tax Lien was recorded and references the tax years being released as 2013 through 2016.

13. On or around September 3, 2025, after the Discharge was entered by the Court, on June 30, 2025, the IRS recorded and sent to the Debtor a second Certificate of Release of Federal Tax Lien ("Release 2") as document number 2025-0270797. A true and correct copy of Release 2 is attached to the Amburgey Dec as **Exhibit 6**. The Release 1 and 2 are collectively referred to as the "Tax Lien Releases."

14. Release 2 certifies that the Debtor, as the taxpayer, has received a release of Tax Lien 2. Release 2 specifically details that the release includes the release of the 2nd IRS Tax Lien by referencing the "July 19, 2019" date on which the 2nd IRS Tax Lien was filed and references the tax year being released as 2018.

15. Inexplicably, on December 19, 2025, after the Discharge was entered, the IRS recorded a Revocation of Certificate of Release of Federal Tax Lien as document number 2025-0394913 (the "Revocation") which alleges to revoke Release 1 as it related to the 2013



Shaw & Hanover PC
Bankruptcy, Creditor Rights & Related Litigation

through 2016 tax debt. A true and correct copy of the Revocation is attached to the Amburgey Dec as **Exhibit 7**.

16. On January 30, 2026, the IRS recorded a new Tax Lien as document number 2026-0030239 in the amount of $169,962.61 ("Post-Discharge Tax Lien"). A true and correct copy of the Post-Discharge Tax Lien is attached to the Amburgey Dec as **Exhibit 8**. The Revocation and the Post-Discharge Tax Lien are collectively referred to as the "New IRS Liens."

17. Debtor believes that, through the recording of the New IRS Liens, the IRS is ultimately trying to collect from her a pre-petition debt that was discharged by the Discharge.

18. Debtor's special counsel in this Case notified the IRS, through their counsel, no later than February 2026, that the Debtor believed that the IRS had violated the Discharge injunction (and possibly the automatic stay, because the case was still open) by filing the New IRS Liens continuing to assert that it had a secured claim in this Case and the IRS has not yet revoked the New IRS Liens or amended its claim in this Case, to show that the IRS now has only an unsecured claim in the Case.

19. Sadly, the Debtor's case is still open. *See* **Exhibit 9** which is a copy of the Court's docket in this case as of August 9, 2026.

## II. DISCUSSION

### A. Taxes Owed to the IRS Were Discharged By the Discharge Order.

In a Chapter 7 case, subject to certain exceptions, "[t]he [bankruptcy] court shall grant the debtor a discharge." 11 U.S.C. § 727(a). The discharge order, when entered, "discharges the debtor from all debts that arose before the date of the [bankruptcy filing]" with some exceptions and "operates as an injunction against the commencement or continuation of an action . . . to collect, recover or offset any [discharged] debt as a personal liability of the debtor." 11 U.S.C. §§ 727(b); 523, and 524(a)(2).

The IRS tax debt that gives rise to the IRS Tax Liens, have their origins in taxes unpaid for years 2013 through 2018, and clearly constitute alleged debt that arose prior to the Petition Date. See *Boeing North American, Inc. v. Ybarra (In re Ybarra)*, 424 F.3d 1018, 1022-23 (9th Cir. 2005) ("a claim arises, for purposes of discharge in bankruptcy, at the time of the events giving



Shaw & Hanover PC Bankruptcy, Creditor Rights & Related Litigation

rise to the claim."). As such, the IRS tax debt falls within the parameters of the discharge described by § 727(b). The IRS tax debt was scheduled in the Case and the IRS filed the IRS Claim. To the Debtor's knowledge, none of the IRS's pre-petition claim is excepted from discharge under any of the exceptions enumerated in 11 U.S.C. §§ 523 or 727. Instead, the IRS Claim is all related to tax years and were assessed upon dates that meet the requirements for discharge, which is outside the scope of the discharge exceptions created by § 523. Accordingly, as a claim which arose before the Petition Date and which is not excepted from discharge under § 523, the IRS tax debt/IRS Claim is a discharged debt subject to the protection of the discharge injunction of § 524.

**B. The Recording of the Revocation and the Post-Discharge Tax Lien Constitute Violations of the Discharge Order/Injunction and, Possibly, the Automatic Stay**

Section 524(a)(2) enjoins "the commencement or continuation of an action . . . to collect [or] recover . . . [discharged debt] as a personal liability of the debtor." As discussed above, the IRS Tax Liens encompass discharged debts under § 727(b), and the discharge injunction of § 524(a)(2) applies to the underlying debt and any post-discharge attempts to collect on that debt. The New IRS Liens were recorded with the intent to collect a pre-petition/discharged claim, constituting an action "to collect, recover or offset (a) debt as a personal liability of the debtor."

Debtor received her Discharge on June 30, 2025. Subsequently, the IRS caused to be recorded the IRS Tax Lien Releases on September 3, 2025 (*i.e.* Release 1 and 2), which released the IRS Tax Liens pertaining to the Debtor's 2013 through 2016 and 2018 taxes, respectively, at which point in time there were no longer any IRS Tax Liens on the Residence.

On December 19, 2025, the IRS then caused to be recorded the Revocation, purporting to ***reinstate*** Tax Lien 1, the tax lien related to the 2013 through 2016 taxes, which was previously released by Release 1. This Revocation was in violation of the discharge injunction because the debt the IRS sought to be reinstated had been discharged.

Further, on January 30, 2026, the IRS caused to be recorded the Post-Discharge Tax Lien, purporting to also reinstate a portion of Tax Lien 1. The attempt to reinstate/re-record the released Tax Lien 1 was ineffective for three reasons. First, the unilateral acts of the IRS violated the


Shaw & Hanover PC
Bankruptcy, Creditor Rights & Related Litigation

automatic stay (discussed further below). Second, the tax debt had been *discharged* and there was no tax liability to support the new post-Discharge liens (*i.e.* the Revocation and the Post-Discharge Tax Lien). Third, even if reinstatement was effective, a reinstated tax lien is only effective on and after the date the notice of revocation is mailed to the taxpayer; it is not retroactive under C.F.R. §301.6325-1(f)(2)(iii). The Revocation does not state when it was "mailed to the (Debtor)" but it represents to have been signed on December 4, 2025 and recorded on December 19, 2025, both, well after the Discharge.

The Regulations pertaining to tax debts and subsequent liens contemplate the possibility that a tax lien will be inadvertently released by the IRS. In the instance where personal liability on the debt remains (a circumstance *not* met here) and no automatic stay prevents the IRS from taking action (also inapplicable here), the IRS is entitled to revoke the release. 26 U.S.C.§ 6325(f)(2). **However, a reinstated tax lien is effective only after the date the notice of revocation is mailed to the taxpayer, here no earlier than December 4, 2025**. The effect of the reinstatement is not retroactive. 26 C.F.R. § 301.6325-1(f)(2)(iii). The exact language of the regulation is as follows:

> (iii) Effect of reinstatement – (a) Effective date. A tax lien reinstated in accordance with the provisions of this subparagraph **is effective on and after the date the notice of revocation is mailed to the taxpayer in accordance with the provisions of subdivision (ii)(a) of this subparagraph, but the reinstated lien is not effective before the filing of notice of revocation**…(emphasis added)
>
> (b) Treatment of reinstated lien. As of the effective date of reinstatement, a reinstated lien has the same force and effect as a general tax lien imposed by section 6321 which arises upon assessment of a tax liability…. **The reinstatement of the lien does not retroactively reinstate a previously filed notice of lien**. (emphasis added)

*See*, also, *In re Litvinas*, 2022 WL 3364109, *4, 2022 Bankr. LEXIS 2258, *10 (Bankr. E.D. VA 2022).

In the matter before the Court, the undisputed facts reflect that the IRS released the Tax



Shaw & Hanover PC
Bankruptcy, Creditor Rights & Related Litigation

Liens on the Residence on September 3, 2025. The Debtor's personal liability for the tax debt/Tax Claim had been discharged. Therefore, as of September 3, 2025, there was no tax liens on the Residence and there also was no tax debt owed to the IRS because the Discharge had been entered. The attempt by the IRS to reinstate Tax Lien 1 by filing the Revocation and the Post-Discharge Tax Lien was a futile act. Not only was it void, as a violation of the Discharge injunction and the automatic stay; the effect of the purported liens could only be **prospective** and there was no existing debt to support any tax liens, prospective, on the Residence.

Similarly, the applicable regulation specifically states that the reinstatement of a tax lien does not retroactively reinstate a previously filed notice of lien. Therefore, even if the New Tax Liens are valid liens against the Debtor's residence, they cannot be used to allow the IRS a secured claim in this Case. To allow such action would give the IRS more rights in the Case then they are allowed outside of bankruptcy law.

Lastly, even if a portion of the Tax Claim is not dischargeable, because the taxes do not meet the requirements of section 523, the Debtor's Case is still open, the automatic stay is still in place and the recording of the New IRS Liens, while the Case is still open, is a violation of the automatic stay and the New IRS Liens are ***void*** on Debtor's Residence and cannot support a secured claim in this Case any longer. Although the Debtor received her discharge on June 30, 2025, her case was open and the bankruptcy estate was still open for administration. As a consequence, the recording of the Revocation and the Post-Discharge Tax Lien violated § 362(a)(4), which extends the automatic stay to "any act to create, perfect, or enforce any lien against property of the estate." Actions taken in violation of the automatic stay are void. *In re Schwartz*, 954 F. 2d 569, 574 (9th Cir. 1992). The Revocation of the 1st Tax Lien and the recording of the Post-Discharge Tax Lien are both void.

**C. The Violation Of The Discharge Order Warrants The Imposition Of Contempt Sanctions**

There is no specific provision in the Bankruptcy Code which creates a separate remedy to address violations of the § 524 discharge injunction. Instead, such violations must be pursued by means of a motion invoking the bankruptcy court's civil contempt powers under 11 U.S.C. §

105(a). *Nash v. Clark County District Attorney's Office (In re Nash)*, 464 B.R. 874, 879-90 (B.A.P. 9th Cir. 2012) (citing *Walls ex rel Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507 (9th Cir. 2002) and *Renwick v. Bennett (In re Bennett)*, 298 F.3d 1059, 1069 (9th Cir. 2002)); *Barrientos v. Wells Fargo Bank, N.A.,* 633 F.3d 1186, 1188 (9th Cir. 2011). Section 105(a) civil contempt sanctions may be imposed for a violation of the discharge injunction ("VOD") where the violation is "willful." *In re Nash*, 464 B.R. 874 at 880. The Ninth Circuit standard for determining willfulness, in this context, requires that (1) the violating party knew that the discharge injunction applied and (2) the violating party intended that the action that violated the discharge injunction. *Id.* [citing *Espinosa v. United Student AidFunds, Inc.*, 553 F.3d 1193, 1205 n.7 (9th Cir. 2008), *aff'd* 559 U.S. 260 (2010)]; see also *ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1007 (9th Cir. 2006). With respect to the first prong of the analysis, knowledge of the injunction is a question of fact to be resolved by the bankruptcy court based upon the evidence presented. See *In re ZiLOG, Inc.*, 450 F.3d at 1007; *In re Moreno*, 479 B.R. 553, 569-70 (Bankr. E.D. Cal. 2012). In applying the second prong, the focus is not on the violating party's subjective beliefs or intent, but whether the conduct in fact violated the discharge order. *Bassett v. Am. Gen. Fin. (In re Bassett)*, 255 B.R. 747, 758 (9th Cir. BAP 2000), rev'd on other grounds, 285 F.3d 882 (9th Cir. 2002); see also *Jarvar v. Title Cash of Mont., Inc. (In re Jarvar)*, 422 B.R. 242, 250 (Bankr. D. Mont. 2009) ("A party's negligence or absence of intent to violate the discharge order is not a defense against a motion for contempt."). In deciding the proper standard to apply to VOD's, the US Supreme Court has recently clarified the issue in holding that "the proper standard is an objective one. A court may hold a creditor in civil contempt for violating a discharge order where there is not a 'fair ground of doubt' as to whether the creditor's conduct might be lawful under the discharge order..." *Taggart v. Lorenzen*, 139 S.Ct. 1795 (2019). This standard is a "significantly high standard...," which shields a creditor from liability for sanctions if the creditor "had some—indeed, any —objectively reasonable basis for concluding that (the creditor's actions) might have been lawful." *Lorenzen v. Taggart (In re Taggart)*, 980 F.3d 1340 (9th Cir. 2020).

Here, there is no objectively reasonable basis for concluding that the actions of the IRS, in trying to collect a pre-petition claim by essentially re-recording Tax Lien 1 through the recording

of the Revocation and the Post-Discharge Tax Lien, would be lawful, considering the IRS' underlying claim was discharged by Debtor's Discharge and the IRS is aware of the Discharge, having participated in the Case. The IRS filed the IRS Claim in the Case, showing knowledge of the Case by the IRS. The IRS is a considerably large arm of the United States government, that is very familiar with bankruptcy law and procedures and in processing the discharge of pre-petition claims when debtors obtain their discharge. There is no reasonable basis for the IRS to think that it could lawfully collect a pre-petition debt and that it could record the New IRS Liens to accomplish that collection effort while the Case was still pending or after the Discharge was entered if the New IRS Tax Liens could only effective as of the date the notice was mailed [*i.e.* it could not be retroactive under C.F.R. §301.6325-1(f)(2)(iii)].

**1. The IRS Knew Of The Discharge Order**

The IRS was advised of the entry of the Discharge Order and the effect of the discharge injunction upon the IRS Claim on at least three (3) separate occasions (as discussed above), making it irrefutable that the IRS knew the Discharge Order applied to the IRS Claim. Accordingly, it is clear that the IRS had been made aware of the applicability of the Discharge to the IRS Claim, thus satisfying the first prong of the analysis.

**2. IRS Intended Its Collection Efforts and Intended to record New IRS Liens in spite of the Discharge Order**

The second prong of the analysis is clearly satisfied as there can be no dispute that the IRS intended to commit the acts (*i.e.* re-recording previously discharged debt that had already been released in the IRS Tax Releases) that constitute the violation of the discharge injunction.

**III. CONCLUSION**

The IRS is a huge government agency tasked with serving and communicating with some of our most vulnerable population, the elderly and disabled. The Court should not allow this agency to get away with such dysfunctionality as evidenced herein, while administering the system of levying tax liens and collecting them. No elderly or disabled person should have to go through the stress and anxiety and efforts that Debtor has gone through thus far, in order to obtain evidence and accounting of why the IRS has done what it has done with the New Tax Liens on her



Shaw & Hanover PC
Bankruptcy, Creditor Rights & Related Litigation

Residence, and to stop the IRS from collecting a pre-petition discharged debt, one of the most important benefits she has at this stage of her life…a fresh start.

For the foregoing reasons, the Debtor respectfully requests that this Court enter an Order:

1. Granting the Motion in its entirety;
2. Issue an Order to Show Cause why the IRS should not be sanctioned for violating the discharge injunction;
3. Awarding the Debtor civil contempt sanctions against the IRS to compensate the Debtor for, among other things:
    a. Attorney's costs and fees incurred in addressing the violation of the discharge in the Case, which attorney's fees total $6,262.50 as of August 11, 2026 and which continue to accrue;
    b. Incidental damages for transportation costs, mail, faxes, and phone charges, if any, in an amount to be provided and supported by the submission of additional evidence;
    c. Imposing a sufficient "coercive sanction," as determined by this Court and payable to the Debtor for the emotional distress she experienced from the IRS' willful violation of the Discharge; and
    d. Imposing a sufficient "coercive fine," as determined by this Court and payable to the Court for every month that the IRS fails to comply with 11 U.S.C. §§524 and 105;
4. Setting a hearing on the OSC for the earliest time convenient for the Court; and
5. Granting such other and further relief as the Court deems just and proper.

Dated: August 11, 2026

Respectfully submitted,
**SHAW & HANOVER, PC**

/s/ Summer Shaw

By: ________________________________

Summer Shaw / Alina Mamlyuk
Special Counsel for Debtor,
Vickey Lynn Amburgey

Shaw & Hanover PC
Bankruptcy, Creditor Rights & Related Litigation

**DECLARATION OF VICKEY LYNN AMBURGEY**

I, Vickey Lynn Amburgey, do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon to testify, I could and would competently testify to the truthfulness of all statements contained herein.

1. I am the Debtor in the instant bankruptcy proceeding, filed with the Court on March 18, 2025 ("Petition Date"), known as Case No. 6:25-bk-11653-RB (the "Case").

2. My Order of Discharge was entered by this Court on June 30, 2025. *See* Docket No. 12 ("Discharge") a copy of which is attached hereto as **Exhibit 1**.

3. Pre-petition, I worked in sales for 25 years.

4. Pre-petition and on the Petition Date, I resided at real property located at 69110 Aliso Road, Cathedral City, California which was my residence (the "Residence").

5. The IRS was listed as a creditor in my Petition/Case. *See* Docket No 1 ("Petition") at pages 20-23.

6. The IRS was included as a creditor in the "Master Mailing List of Creditors" at several addresses through which it regularly receives notices. *See* Petition at pages 52-53.

7. The IRS received notice of my bankruptcy according to documents filed in my Case. *See* Docket Nos 3 and 12 for evidence that the Court mailed the Notice of Filing Chapter 7 and the Discharge to IRS at the addresses listed in my Petition.

8. On June 17, 2025, the IRS filed a Proof of Claim in my Case, which is known as Claim No. 8 on the Court's claim register in the Case, in the amount of $233,544.61 relating to the IRS Tax Liens ("IRS Claim"). *See* Claim No. 8 which is attached to as **Exhibit 4**.

9. I believe that, through the recording of the New IRS Liens, the IRS is ultimately trying to collect from me a pre-petition debt that was discharged by my Discharge.

10. Sadly, my case is still open.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct, and that this declaration is executed on this 9th day of August 2026.

____________________________
Vickey Lynn Amburgey



Shaw & Hanover

**DECLARATION OF SUMMER SHAW**

I, Summer Shaw, do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon to testify, I could and would competently testify to the truthfulness of all statements contained herein

1. I am special counsel for the Debtor in the instant bankruptcy proceeding, filed with this Court on March 18, 2025 ("Petition Date"), known as Case No. 6:25-bk-11653-RB (the "Case").

2. I went onto the Riverside County Recorder's website and obtained document recording numbers for the documents that I discuss in this declaration and then used those document numbers to purchase copies of the conformed recorded documents contained in Exhibits 2 through 8 discussed below, and therefore, request that the Court take judicial notice of these publicly recorded documents.

3. Pre-petition, the Internal Revenue Service (the "IRS") recorded a Notice of Federal Tax Lien in favor of the United States of America ("1st IRS Tax Lien") on March 20, 2019, as instrument number 2019-0094005 in the Official Records of Riverside County, State of California. A true and correct copy of the 1st IRS Tax Lien, that my client provided to me, and which I confirmed was recorded, is attached hereto as **Exhibit 2**.

4. Pre-petition, the IRS recorded the second Notice of Federal Tax Lien in favor of the United States of America ("2nd IRS Tax Lien" ) on July 19, 2019, as instrument number 2019-0269434 in the Official Records of Riverside County, State Court California. A true and correct copy of the 2nd IRS Tax lien, that my client provided to me, and which I confirmed was recorded, is attached hereto as **Exhibit 3**. The 1st IRS Tax Lien and the 2nd IRS Tax Lien are collectively referred to as the "IRS Tax Liens."

5. On or around September 3, 2025, after the Discharge was entered by the Court in the Case, on June 30, 2025, the IRS recorded and mailed to the Debtor a Certificate of Release of Federal Tax Lien ("Release 1") as document number 2025-0270793. A true and correct copy of Release 1, that my client provided to me, and which I confirmed was recorded, is attached hereto as **Exhibit 5.**



Shaw & Hanover PC
Bankruptcy, Creditor Rights & Related Litigation

6. Release 1 certifies that the Debtor, as the taxpayer, has received a release of Tax Lien 1 as Release 1 specifically details that the release relates to a lien previously recorded on "March 20, 2019" which is when Tax Lien 1 was recorded.

7. Release 1 references tax years to be released are 2013 through 2016.

8. On or around September 3, 2025, after the Discharge was entered by the Court, on June 30, 2025, the IRS recorded and mailed to the Debtor a second Certificate of Release of Federal Tax Lien ("Release 2") as document number 2025-0270797. A true and correct copy of Release 2, that my client provided to me, and which I confirmed was recorded, is attached hereto as **Exhibit 6**. The Release 1 and 2 are collectively referred to as the "Tax Lien Releases."

9. Release 2 certifies that the Debtor, as the taxpayer, has received a release of Tax Lien 2 as Release 2 specifically details that the release relates to a lien previously recorded on "July 19, 2019" which is when Tax Lien 2 recorded.

10. Release 2 references the tax year being released is 2018.

11. On December 19, 2025, the IRS recorded a Revocation of Certificate of Release of Federal Tax Lien as document number 2025-0394913 (the "Revocation") which appears to revoke Release 1 as it related to the 2013-2016 tax debt. A true and correct copy of the Revocation, that my client provided to me, and which I confirmed was recorded, is attached hereto as **Exhibit 7**.

12. On January 30, 2026, the IRS recorded a new Tax Lien as document number 2026-0030239 in the amount of $169,962.61 ("Post-Discharge Tax Lien"). A true and correct copy of the Post-Discharge Tax Lien, that my client provided to me, and which I confirmed was recorded, is attached hereto as **Exhibit 8**. The Revocation and the Post-Discharge Tax Lien are collectively referred to as the "New IRS Liens."

13. I notified the IRS, through counsel, no later than February 2026, that the Debtor believed that the IRS had violated the Discharge injunction (and possibly the automatic stay, because the case was still open) and the IRS has not revoked the New IRS Liens or amended its claim in this Case, to show that the IRS is now only an unsecured claim in the Case.

14. Sadly, the Debtor's case still remains open. *See* **Exhibit 9** which is a copy of the Court's docket of the Case as of August 9, 2026.

15. My firm has billed a total of $6,262.50 on the Debtor's matter relating to our efforts to address the IRS's violation of the Debtor's discharge injunction that is discussed in this Motion.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct, and that this declaration is executed on this 11th day of August 2026.

/s/ Summer Shaw
Summer Shaw

Doc 12 Filed 06/30/25 Entered 06/30/25 08:28:31 Discharge Ch 7 Page 1 of 2

**Information to identify the case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Vickie Lynn Amburgey<br>First Name Middle Name Last Name | Social Security number or ITIN | xxx−xx−1538 |
| | | EIN | _ _−_ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | First Name Middle Name Last Name | Social Security number or ITIN | _ _ _ _ |
| | | EIN | _ _−_ _ _ _ _ _ _ |
| United States Bankruptcy Court | Central District of California | | |
| Case number: | 6:25−bk−11653−RB | | |

## Order of Discharge − Chapter 7

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Vickie Lynn Amburgey

[include all names used by each debtor, including trade names, within the 8 years prior to the filing of the petition]

Debtor 1 Discharge Date: 6/30/25

**Dated:** 6/30/25

**By the court:** Magdalena Reyes Bordeaux
United States Bankruptcy Judge

---

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**12/AUTU**

**For more information, see page 2 >**



**EXHIBIT 1 (Page 1 of 2)**

Doc 92 Filed 06/30/25 Entered 06/30/25 08:28:33
Discharge Ch 7 Page 2 of 2

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;
- debts for most student loans;
- debts for most taxes;
- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;
- debts for most fines, penalties, forfeitures, or criminal restitution obligations;
- some debts which the debtors did not properly list;
- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and
- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**



**EXHIBIT 1 (Page 2 of 2)**

Recording Requested By Internal Revenue Service. When recorded mail to:

INTERNAL REVENUE SERVICE
PO BOX 145595, STOP 8420G
CINCINNATI, OH 45250-5585

2019-0094005
03/20/2019 03:26 PM Fee: $ 14.00
Page 1 of 1
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

778

For Optional Use by Recording Office

**Form 668 (Y)(c)**
(Rev. February 2004)

1699 Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

Area: SMALL BUSINESS/SELF EMPLOYED AREA #7
Lien Unit Phone: (800) 913-6050

Serial Number
345424519

**As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.**

Name of Taxpayer VICKIE AMBURGEY

Residence 69110 ALISO RD
CATHEDRAL CTY, CA 92234-3203

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2013 | XXX-XX-1538 | 04/02/2018 | 05/02/2028 | 35143.17 |
| 1040 | 12/31/2014 | XXX-XX-1538 | 08/10/2015 | 09/09/2025 | |
| 1040 | 12/31/2014 | XXX-XX-1538 | 06/25/2018 | 07/25/2028 | 40265.32 |
| 1040 | 12/31/2015 | XXX-XX-1538 | 10/31/2016 | 11/30/2026 | |
| 1040 | 12/31/2015 | XXX-XX-1538 | 06/25/2018 | 07/25/2028 | 57605.30 |
| 1040 | 12/31/2016 | XXX-XX-1538 | 09/18/2017 | 10/18/2027 | |
| 1040 | 12/31/2016 | XXX-XX-1538 | 01/07/2019 | 02/06/2029 | 4744.63 |

Place of Filing
COUNTY RECORDER
RIVERSIDE COUNTY
RIVERSIDE, CA 92502-0751

Total $ 137758.42

This notice was prepared and signed at OAKLAND, CA, on this, the 01st day of March, 2019.

Signature Joan Flach
for T. O. EDUN

Title
REVENUE OFFICER 27-09-3738
(909) 388-8260

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

**EXHIBIT 2 (Page 1 of 1)**

Part 1 - Kept By Recording Office

Form **668(Y)(c)** (Rev. 2-2004)
CAT. NO 60025X

Recording Requested By Internal Revenue Service. When recorded mail to:

INTERNAL REVENUE SERVICE
PO BOX 145595, STOP 8420G
CINCINNATI, OH 45250-5585

2019-0269434
07/19/2019 11:20 AM Fee: $ 14.00
Page 1 of 1
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

For Optional Use by Recording Office

420

**Form 668 (Y)(c)**
(Rev. February 2004)

1699 Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

Area: SMALL BUSINESS/SELF EMPLOYED AREA #7
Lien Unit Phone: (800) 913-6050

Serial Number
367537319

**As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.**

Name of Taxpayer VICKIE AMBURGEY

Residence 69110 ALISO RD
CATHEDRAL CTY, CA 92234-3203

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2018 | XXX-XX-1538 | 06/10/2019 | 07/10/2029 | 11603.76 |

Place of Filing
COUNTY RECORDER
RIVERSIDE COUNTY
RIVERSIDE, CA 92502-0751

Total $ 11603.76

This notice was prepared and signed at OAKLAND, CA, on this, the 03rd day of July, 2019.

Signature
for T. O. EDUN

Title
REVENUE OFFICER 27-09-3738
(909) 388-8260

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60025X

EXHIBIT 3 (Page 1 of 1)

**Fill in this information to identify the case:**

Debtor 1 VICKIE LYNN AMBURGEY

Debtor 2 ____________________
(Spouse, if filing)

United States Bankruptcy Court for the: CENTRAL District of CALIFORNIA
(State)

Case number 6:25-BK-11653-MH

Official Form 410

# Proof of Claim

**04/25**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

1. **Who is the current creditor?**

Department of Treasury - Internal Revenue Service Creditor Number : 42385583
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ____________________

2. **Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? ____________________

3. **Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|
| Internal Revenue Service<br>Name | Internal Revenue Service<br>Name |
| P.O. Box 7346<br>Number Street | P.O. Box 7317<br>Number Street |
| Philadelphia (City) PA (State) 19101-7346 (ZIP Code) | Philadelphia (City) PA (State) 19101-7317 (ZIP Code) |
| Contact phone 1-800-973-0424 | Contact phone 1-800-973-0424 |
| Contact email ____________________ | Contact email ____________________ |

Uniform claim identifier (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

4. **Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) ______ Filed on ____________ MM / DD / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? ____________________



**EXHIBIT 4 (Page 1 of 7)**

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: See Attachment

**7. How much is the claim?** $237,998.09. **Does this amount include interest or other charges?**
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

Taxes

**9. Is all or part of the claim secured?**
☐ No
☑ Yes. The claim is secured by a lien on property.

**Nature of property:**
☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☑ Motor vehicle
☑ Other. Describe: All of debtor(s) right, title and interest to property - 26 U.S.C. §6321.

**Basis for perfection:** See Attachment
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property**: $________
**Amount of the claim that is secured:** $233,544.61
**Amount of the claim that is unsecured:** $4,453.48 (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $________

**Annual Interest Rate** (when case was filed) 7 %
☐ Fixed
☑ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $________

**11. Is this claim subject to a right of setoff?**
☐ No
☑ Yes. Identify the property: See attachment



**EXHIBIT 4 (Page 2 of 7)**

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☑ Yes. *Check one:*

| | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $____________ |
| ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $____________ |
| ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $____________ |
| ☑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ 630.40 |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $____________ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $____________ |

* Amounts are subject to adjustment on 04/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 06/17/2025
MM / DD / YYYY

/s/ AMY ROHOVIT
Signature

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | AMY (First name) | (Middle name) | ROHOVIT (Last name) |
| Title | Bankruptcy Specialist | | |
| Company | Internal Revenue Service | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 178 S Rio Grande St, M/S 5021 (Number Street) | | |
| | Salt Lake City (City) | UT (State) | 84101 (ZIP Code) |
| Contact phone | 801-799-6836 | Email | amy.m.carpenter-smith@irs.gov |



**EXHIBIT 4 (Page 3 of 7)**

# Proof of Claim for Internal Revenue Taxes

Form 410
Attachment

Department of the Treasury/Internal Revenue Service

**In the Matter of:** VICKIE LYNN AMBURGEY
69110 ALISO ROAD
CATHEDRAL CITY, CA 92234

Case Number
6:25-BK-11653-MH

Type of Bankruptcy Case
CHAPTER 7A

Date of Petition
03/18/2025

The United States has the right of setoff or counterclaim. However, this determination is based on available data and is not intended to waive any right to setoff against this claim debts owed to this debtor by this or any other federal agency. All rights of setoff are preserved and will be asserted to the extent lawful.

**Secured Claims** (Notices of Federal tax lien filed under internal revenue laws before petition date)

| *Taxpayer ID Number* | *Kind of Tax* | *Tax Period* | *Date Tax Assessed* | *Tax Due* | *Penalty to Petition Date* | *Interest to Petition Date* | *Notice of Tax Date* | *Lien Filed: Office Location* |
|---|---|---|---|---|---|---|---|---|
| XXX-XX-1538 | INCOME | 12/31/2013 | 04/02/2018 | $24,528.00 | $16,964.57 | $17,093.69 | 03/20/2019 | RIVERSIDE COUNT |
| XXX-XX-1538 | INCOME | 12/31/2014 | 06/25/2018 | $29,913.00 | $18,920.47 | $18,606.35 | 03/20/2019 | RIVERSIDE COUNT |
| XXX-XX-1538 | INCOME | 12/31/2015 | 06/25/2018 | $52,834.00 | $16,598.62 | $30,291.98 | 03/20/2019 | RIVERSIDE COUNT |
| XXX-XX-1538 | INCOME | 12/31/2016 | 01/07/2019 | $3,686.00 | $2,183.70 | $1,886.41 | 03/20/2019 | RIVERSIDE COUNT |
| XXX-XX-1538 | INCOME | 12/31/2018 | 06/10/2019 | $0.00 | $0.00 | $37.82 | 07/19/2019 | RIVERSIDE COUNT |
| | | | | $110,961.00 | $54,667.36 | $67,916.25 | | |

**Total Amount of Secured Claims: $233,544.61**

**Unsecured Priority Claims** under section 507(a)(8) of the Bankruptcy Code

| *Taxpayer ID Number* | *Kind of Tax* | *Tax Period* | *Date Tax Assessed* | *Tax Due* | *Interest to Petition Date* |
|---|---|---|---|---|---|
| XXX-XX-1538 | INCOME | 12/31/2024 | 1 1-ESTIMATED-SEE NOTE | $630.40 | $0.00 |
| | | | | $630.40 | $0.00 |

**Total Amount of Unsecured Priority Claims: $630.40**

**Unsecured General Claims**

| *Taxpayer ID Number* | *Kind of Tax* | *Tax Period* | *Date Tax Assessed* | *Tax Due* | *Interest to Petition Date* |
|---|---|---|---|---|---|
| XXX-XX-1538 | INCOME | 12/31/2020 | 11/20/2023 | $2,931.00 | $762.04 |
| | | | | $2,931.00 | $762.04 |

Penalty to date of petition on unsecured general claims (including interest thereon) . . . . . .$130.04

*Continued from Page 1*

| *Taxpayer ID Number* | *Kind of Tax* | *Tax Period* | *Date Tax Assessed* | *Tax Due* | *Interest to Petition Date* |
|---|---|---|---|---|---|

**Total Amount of Unsecured General Claims: $3,823.08**

1 LIABILITY IS ESTIMATED BASED ON AVAILABLE INFORMATION BECAUSE THE RETURN HAS NOT BEEN FILED. THIS CLAIM MAY BE AMENDED AS NECESSARY AFTER THE DEBTOR FILES THE RETURN OR PROVIDES OTHER REQUIRED INFORMATION.

1872 COURT RECORDING DATA

INTERNAL REVENUE SERVICE
FACSIMILE FEDERAL TAX LIEN DOCUMENT

BANKRUPTCY DOCKET: 6:25-BK-11653-MH

Lien Recorded : 03/20/2019 - 00:00AM
Recording Number: 2019-0094005
UCC Number :
Liber :
Page :

Area: SMALL BUSINESS/SELF EMPLOYED #7
Lien Unit Phone: (800) 913-6050

IRS Serial Number: 345424519

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer:
VICKIE AMBURGEY

Residence: 69110 ALISO RD
CATHEDRAL CTY, CA 92234-3203

With respect to each assessment below, unless notice of lien is refiled by the date in column(e), this notice shall constitute the certificate of release of lien as defined in IRC 6325(a).

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2013 | XXX-XX-1538 | 04/02/2018 | 05/02/2028 | $35,143.17 |
| 1040 | 12/31/2014 | XXX-XX-1538 | 08/10/2015 | 09/09/2025 | $0.00 |
| 1040 | 12/31/2014 | XXX-XX-1538 | 06/25/2018 | 07/25/2028 | $40,265.32 |
| 1040 | 12/31/2015 | XXX-XX-1538 | 10/31/2016 | 11/30/2026 | $0.00 |
| 1040 | 12/31/2015 | XXX-XX-1538 | 06/25/2018 | 07/25/2028 | $57,605.30 |
| 1040 | 12/31/2016 | XXX-XX-1538 | 09/18/2017 | 10/18/2027 | $0.00 |
| 1040 | 12/31/2016 | XXX-XX-1538 | 01/07/2019 | 02/06/2029 | $4,744.63 |

Filed at: COUNTY RECORDER
RIVERSIDE COUNTY
RIVERSIDE, CA 92502-0751

Total $137,758.42

This notice was prepared and executed at OAKLAND, CA
on this. the 01st dav of March. 2019.

Authorizing Official:
T. O. EDUN

Title:
REVENUE OFFICER 27-09-3738

Case 6:25-bk-11653-RB Claim 8-1 Filed 06/17/25 Desc Main Document Page 7 of 7

1872 COURT RECORDING DATA

| INTERNAL REVENUE SERVICE<br>FACSIMILE FEDERAL TAX LIEN DOCUMENT<br><br>BANKRUPTCY DOCKET: 6:25-BK-11653-MH | Lien Recorded : 07/19/2019 - 00:00AM<br>Recording Number: 2019-0269434<br>UCC Number :<br>Liber :<br>Page : |
|---|---|
| Area: SMALL BUSINESS/SELF EMPLOYED #7<br>Lien Unit Phone: (800) 913-6050 | IRS Serial Number: 367537319 |

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer:
VICKIE AMBURGEY

Residence: 69110 ALISO RD
CATHEDRAL CTY, CA 92234-3203

With respect to each assessment below, unless notice of lien is refiled by the date in column(e), this notice shall constitute the certificate of release of lien as defined in IRC 6325(a).

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2018 | XXX-XX-1538 | 06/10/2019 | 07/10/2029 | $11,603.76 |

| Filed at: | COUNTY RECORDER<br>RIVERSIDE COUNTY<br>RIVERSIDE, CA 92502-0751 | Total | $11,603.76 |
|---|---|---|---|

This notice was prepared and executed at OAKLAND, CA
on this, the 03rd day of July, 2019.

| Authorizing Official: | Title: | |
|---|---|---|
| T. O. EDUN | REVENUE OFFICER | 27-09-3738 |

**EXHIBIT 4 (Page 7 of 7)**

Recording Requested By Internal Revenue Service. When recorded mail to:

INTERNAL REVENUE SERVICE
PO BOX 145595, STOP 8420G
CINCINNATI, OH 45250-5585

COURT RECORDING INFORMATION:
Liber
n/a
Page
n/a
UCC No.
n/a
Serial No.
2019-0094005

**2025-0270793**
09/03/2025 02:00 PM Fee: $ 14.00
Page 1 of 1
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

For Use by Recording Office 134

**Form 668 (Z)** (Rev. 10-2000) 2074

Department of the Treasury - Internal Revenue Service

# Certificate of Release of Federal Tax Lien

Area: SMALL BUSINESS/SELF EMPLOYED AREA #7
Lien Unit Phone: (800) 913-6050

Serial Number 345424519

**I certify that the following-named taxpayer, under the requirements of section 6325 (a) of the Internal Revenue Code has satisfied the taxes listed below and all statutory additions. Therefore, the lien provided by Code section 6321 for these taxes and additions has been released. The proper officer in the office where the notice of internal revenue tax lien was filed on** March 20, 2019 **is authorized to note the books to show the release of this lien for these taxes and additions.**

Name of Taxpayer VICKIE AMBURGEY

Residence 69110 ALISO RD
CATHEDRAL CTY, CA 92234-3203

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2013 | XXX-XX-1538 | 04/02/2018 | 05/02/2028 | 35143.17 |
| 1040 | 12/31/2014 | XXX-XX-1538 | 08/10/2015 | 09/09/2025 | |
| 1040 | 12/31/2014 | XXX-XX-1538 | 06/25/2018 | 07/25/2028 | 40265.32 |
| 1040 | 12/31/2015 | XXX-XX-1538 | 10/31/2016 | 11/30/2026 | |
| 1040 | 12/31/2015 | XXX-XX-1538 | 06/25/2018 | 07/25/2028 | 57605.30 |
| 1040 | 12/31/2016 | XXX-XX-1538 | 09/18/2017 | 10/18/2027 | |
| 1040 | 12/31/2016 | XXX-XX-1538 | 01/07/2019 | 02/06/2029 | 4744.63 |
| ******* | *********** | ************* | ********** | ************* | **************** |

Place of Filing
COUNTY RECORDER
RIVERSIDE COUNTY
RIVERSIDE, CA 92502-0751

Total $ 137758.42

This notice was prepared and signed at OAKLAND, CA , on this, the 13th day of August , 2025.

Signature

Title
Operations Manager,
Centralized Lien Operation

**(NOTE:** Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Certificate of Release of Federal Tax lien Rev. Rul. 71-466, 19

**EXHIBIT 5 (Page 1 of 1)**

Part 1 - RECORDING OFFICE

Form **668 (Z)** (Rev. 10-2000)
CAT. NO 600261

Recording Requested By Internal Revenue Service. When recorded mail to:

INTERNAL REVENUE SERVICE
PO BOX 145595, STOP 8420G
CINCINNATI, OH 45250-5585

Recording Date: 03/20/2019
COURT RECORDING INFORMATION:
Liber
n/a
Page
n/a
UCC No.
n/a
Serial No.
2019-0094005

2025-0394913
12/19/2025 04:10 PM Fee: $ 17.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

785

For Use by Recording Office

**Form 12474** (Rev. 10-00) 9607 Department of the Treasury - Internal Revenue Service *** PARTIAL ***

# Revocation of Certificate of Release of Federal Tax Lien

Area: SMALL BUSINESS/SELF EMPLOYED AREA #7
Lien Unit Phone (800) 913-6050

Serial Number
345424519

**I certify that we mistakenly issued a certificate of release of the Notice of Federal Tax Lien filed against the taxpayer named below. I declare that the certificate of release filed on** 13th August 2025 **is revoked and that the lien is reinstated as provided under Internal Revenue Code Section 6325(f)(2).**

Name of Taxpayer VICKIE AMBURGEY

Residence 69110 ALISO RD
CATHEDRAL CTY, CA 92234-3203

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2013 | XXX-XX-1538 | 04/02/2018 | 05/02/2028 | 35143.17 |
| 1040 | 12/31/2014 | XXX-XX-1538 | 06/25/2018 | 07/25/2028 | 40265.32 |
| 1040 | 12/31/2015 | XXX-XX-1538 | 06/25/2018 | 07/25/2028 | 57605.30 |
| 1040 | 12/31/2016 | XXX-XX-1538 | 01/07/2019 | 02/06/2029 | 4744.63 |

*PARTIAL REVOCATION. The Certificate of Release of Federal Tax Lien is revoked only as it relates to the tax liabilities listed in this revocation. The lien is released for all other tax liabilities shown on the Certificate of Release.
***************************************************************************

Place of Filing
COUNTY RECORDER
RIVERSIDE COUNTY
RIVERSIDE, CA 92502-0751

Total $ 137758.42

This notice was prepared and signed at OAKLAND, CA, on this, the 04th day of December, 2025.

Signature [signature]

Title
Operations Manager,
Centralized Lien Operation

(**NOTE:** Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Revocation of Certificate of Release of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

**Part 1 - RECORDING OFFICE COPY**

Form **12474** (Rev. 10-00)
CAT. NO 73179W

**EXHIBIT 6 (Page 1 of 2)**

**Reason for Revoking the Certificate of Release of Federal Tax Lien and Reinstating the Notice of Federal Tax Lien**

- ■ Federal Tax Lien released in error.
- ☐ Failure to comply with collateral agreement in connection with a compromise.
- ☐ Liability was not discharged through litigation.
- ☐ Notice of Federal Tax Lien was not refiled timely.

Recording Requested By Internal Revenue Service. When recorded mail to:

INTERNAL REVENUE SERVICE
PO BOX 145595, STOP 8420G
CINCINNATI, OH 45250-5585

Recording Date: 03/20/2019
COURT RECORDING INFORMATION:
Liber
n/a
Page
n/a
UCC No.
n/a
Serial No.
2019-0094005

2025-0394913
12/19/2025 04:10 PM Fee: $ 17.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

785

For Use by Recording Office

**Form 12474** (Rev. 10-00) 9607 Department of the Treasury - Internal Revenue Service *** PARTIAL ***

# Revocation of Certificate of Release of Federal Tax Lien

Area: SMALL BUSINESS/SELF EMPLOYED AREA #7
Lien Unit Phone (800) 913-6050

Serial Number
345424519

**I certify that we mistakenly issued a certificate of release of the Notice of Federal Tax Lien filed against the taxpayer named below. I declare that the certificate of release filed on** 13th August 2025 **is revoked and that the lien is reinstated as provided under Internal Revenue Code Section 6325(f)(2).**

Name of Taxpayer VICKIE AMBURGEY

Residence 69110 ALISO RD
CATHEDRAL CTY, CA 92234-3203

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2013 | XXX-XX-1538 | 04/02/2018 | 05/02/2028 | 35143.17 |
| 1040 | 12/31/2014 | XXX-XX-1538 | 06/25/2018 | 07/25/2028 | 40265.32 |
| 1040 | 12/31/2015 | XXX-XX-1538 | 06/25/2018 | 07/25/2028 | 57605.30 |
| 1040 | 12/31/2016 | XXX-XX-1538 | 01/07/2019 | 02/06/2029 | 4744.63 |

*PARTIAL REVOCATION. The Certificate of Release of Federal Tax Lien is revoked only as it relates to the tax liabilities listed in this revocation. The lien is released for all other tax liabilities shown on the Certificate of Release.
**************************************************************************

Place of Filing
COUNTY RECORDER
RIVERSIDE COUNTY
RIVERSIDE, CA 92502-0751

Total $ 137758.42

This notice was prepared and signed at OAKLAND, CA, on this, the 04th day of December, 2025.

Signature [signature]

Title
Operations Manager,
Centralized Lien Operation

**(NOTE:** Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Revocation of Certificate of Release of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

**Part 1 - RECORDING OFFICE COPY**

Form **12474** (Rev. 10-00)
CAT. NO 73179W

**EXHIBIT 7 (Page 1 of 2)**

**Reason for Revoking the Certificate of Release of Federal Tax Lien and Reinstating the Notice of Federal Tax Lien**

- ■ Federal Tax Lien released in error.
- ☐ Failure to comply with collateral agreement in connection with a compromise.
- ☐ Liability was not discharged through litigation.
- ☐ Notice of Federal Tax Lien was not refiled timely.

Recording Requested By Internal Revenue Service. When recorded mail to:

INTERNAL REVENUE SERVICE
PO BOX 145595, STOP 8420G
CINCINNATI, OH 45250-5585

**2026-0030239**

01/30/2026 11:03 AM Fee: $ 14.00
Page 1 of 1

Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

785

For Optional Use by Recording Office

**Form 668 (Y)(c)**
(Rev. February 2004)

2074 Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

Area: SMALL BUSINESS/SELF EMPLOYED AREA #6
Lien Unit Phone: (800) 913-6050

Serial Number
532407626

**As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.**

Name of Taxpayer VICKIE AMBURGEY

Residence 69110 ALISO RD
CATHEDRAL CTY, CA 92234-3203

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2014 | XXX-XX-1538 | 06/25/2018 | 07/25/2028 | 65528.32 |
| 1040 | 12/31/2015 | XXX-XX-1538 | 06/25/2018 | 07/25/2028 | 96898.02 |
| 1040 | 12/31/2016 | XXX-XX-1538 | 01/07/2019 | 02/06/2029 | 7536.27 |

Place of Filing
COUNTY RECORDER
RIVERSIDE COUNTY
RIVERSIDE, CA 92502-0751

Total $ 169962.61

This notice was prepared and signed at OAKLAND, CA, on this, the 20th day of January, 2026.

Signature [signature]
for A. CARPENTER-SMITH

Title
INSOLVENCY SPEC 26-99-6841
(801) 799-6836

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

**EXHIBIT 8 (Page 1 of 1)**

**Part 1 - Kept By Recording Office**

Form **668(Y)(c)** (Rev. 2-2004)
CAT. NO 60025X

# U.S. Bankruptcy Court
# Central District of California (Riverside)
# Bankruptcy Petition #: 6:25-bk-11653-RB

*Assigned to:* Magdalena Reyes Bordeaux
Chapter 7
Voluntary
Asset

*Date filed:* 03/18/2025
*Debtor discharged:* 06/30/2025
*341 meeting:* 09/09/2025
*Deadline for filing claims:* 07/28/2025
*Deadline for filing claims (govt.):* 09/15/2025
*Deadline for objecting to discharge:* 06/23/2025
*Deadline for financial mgmt. course:* 06/23/2025

*Debtor disposition:* Standard Discharge

***Debtor***
**Vickie Lynn Amburgey**
69110 Aliso Road
Cathedral City, CA 92234
RIVERSIDE-CA
SSN / ITIN: xxx-xx-1538

represented by **Summer M Shaw**
Shaw & Hanover, PC
44-901 Village Court
Suite B
Palm Desert, CA 92260
760-610-0000
Fax : 760-687-2800
Email: ss@shaw.law

**Paul M Stoddard**
Law Offices of Paul M. Stoddard
74924 Country Club Dr
Suite 150
92260
Palm Desert, CA 92260
760-320-8345
Fax : 760-203-3199
Email: pstodd5772@aol.com

***Trustee***
**Larry D Simons (TR)**
Janus Law
9363 Magnolia Avenue
Riverside, CA 92503
(951) 686-6300

represented by **Nancy H Zamora**
Zamora & Hoffmeier
633 W 5th St, Ste.2600
Los Angeles, CA 90071
213-488-9411
Fax : 213-488-9418
Email: zamora3@aol.com

***U.S. Trustee***
**United States Trustee (RS)**
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
(951) 276-6990

| Filing Date | # | Docket Text |
|---|---|---|
| 03/18/2025 | 1 (55 pgs) | Chapter 7 Voluntary Petition for Individuals . Fee Amount $338 Filed by Vickie Lynn Amburgey (Stoddard, Paul) (Entered: 03/18/2025) |

| | | |
|---|---|---|
| 03/18/2025 | | Receipt of Voluntary Petition (Chapter 7)( 6:25-bk-11653) [misc,volp7] ( 338.00) Filing Fee. Receipt number A58176242. Fee amount 338.00. (re: Doc# 1) (U.S. Treasury) (Entered: 03/18/2025) |
| 03/18/2025 | 2 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Vickie Lynn Amburgey. (Stoddard, Paul) (Entered: 03/18/2025) |
| 03/18/2025 | 3 (3 pgs) | Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Notice of Appointment of Interim Trustee Simons (TR), Larry D with 341(a) meeting to be held on 4/22/2025 at 09:00 AM via Zoom - Simons: Meeting ID 495 175 0324, Passcode 3027598776, Phone 1 909 498 7813. for Debtor and Joint Debtor (if joint case) Cert. of Financial Management due by 6/23/2025. Last day to oppose discharge or dischargeability is 6/23/2025. (Scheduled Automatic Assignment, shared account) (Entered: 03/18/2025) |
| 03/18/2025 | 4 (1 pg) | Certificate of Credit Counseling Filed by Debtor Vickie Lynn Amburgey. (Stoddard, Paul) (Entered: 03/18/2025) |
| 03/18/2025 | 5 (12 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Vickie Lynn Amburgey. (Stoddard, Paul) (Entered: 03/18/2025) |
| 03/20/2025 | 6 (5 pgs) | BNC Certificate of Notice (RE: related document(s)3 Meeting of Creditors Chapter 7 (No Asset) (I/J No POC) (309A) (AutoAssign)) No. of Notices: 5. Notice Date 03/20/2025. (Admin.) (Entered: 03/20/2025) |
| 04/21/2025 | 7 (1 pg) | Certification About a Financial Management Course for Debtor 1 Filed by Debtor Vickie Lynn Amburgey (RE: related document(s)3 Meeting of Creditors Chapter 7 (No Asset) (I/J No POC) (309A) (AutoAssign)). (Stoddard, Paul) (Entered: 04/21/2025) |
| 04/23/2025 | 8 (2 pgs; 2 docs) | Notice of Assets filed by trustee and court's notice of possible dividend (BNC) Filed by Trustee Larry D Simons (TR). Proofs of Claims due by 7/28/2025. Government Proof of Claim due by 9/15/2025. (Simons (TR), Larry) (Entered: 04/23/2025) |
| 04/23/2025 | 9 | **WITHDRAWN** Meeting of Creditors Held and Concluded (Chapter 7 Asset) Filed by Trustee Larry D Simons (TR) (RE: related document(s)3 Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Notice of Appointment of Interim Trustee Simons (TR), Larry D with 341(a) meeting to be held on 4/22/2025 at 09:00 AM via Zoom - Simons: Meeting ID 495 175 0324, Passcode 3027598776, Phone 1 909 498 7813. for Debtor and Joint Debtor (if joint case) Cert. of Financial Management due by 6/23/2025. Last day to oppose discharge |

| | | |
|---|---|---|
| | | or dischargeability is 6/23/2025. (Scheduled Automatic Assignment, shared account)). (Simons (TR), Larry) COMMENT: See docket entry # 13 for Notice of withdrawal. Modified on 6/30/2025 (SH). (Entered: 04/23/2025) |
| 04/25/2025 | 10 (3 pgs) | BNC Certificate of Notice (RE: related document(s)8 Notice of Assets filed by trustee and court's notice of possible dividend (BNC) filed by Trustee Larry D Simons (TR)) No. of Notices: 4. Notice Date 04/25/2025. (Admin.) (Entered: 04/25/2025) |
| 05/22/2025 | 11 | In accordance with the Administrative Order 25-06 dated 5/14/2025, this case is hereby reassigned from Judge Mark D. Houle to Judge Magdalena Reyes Bordeaux. (YG) (Entered: 05/22/2025) |
| 06/30/2025 | 12 (2 pgs) | ORDER OF DISCHARGE (BNC) (AG ) (Entered: 06/30/2025) |
| 06/30/2025 | 13 (1 pg) | Withdrawal re: *Meeting of Creditors held and concluded* Filed by Trustee Larry D Simons (TR) (related document(s) 9 Meeting of Creditors Held and Concluded (Chapter 7 Asset) (No PDF) filed by Trustee Larry D Simons (TR)). (Simons (TR), Larry) (Entered: 06/30/2025) |
| 06/30/2025 | 14 | Trustee's Notice of Continued Meeting of Creditors Filed by Trustee Larry D Simons (TR). 341(a) Meeting Continued to 7/15/2025 at 02:00 PM at Zoom - Simons: Meeting ID 495 175 0324, Passcode 3027598776, Phone 1 909 498 7813. (Simons (TR), Larry) (Entered: 06/30/2025) |
| 07/02/2025 | 15 (4 pgs) | BNC Certificate of Notice (RE: related document(s)12 ORDER OF DISCHARGE - Chapter 7 (CACB AutoDischarge) (BNC)) No. of Notices: 4. Notice Date 07/02/2025. (Admin.) (Entered: 07/02/2025) |
| 07/11/2025 | 16 (28 pgs) | Application to Employ Zamora & Hoffmeier, A Professional Corporation as Trustee Counsel --*Application by Larry D. Simons, Chapter 7 Trustee, to Employ Zamora & Hoffmeier as General Counsel; Declaration of Disinterestedness; Trustee Declaration, with proof of service,* Filed by Trustee Larry D Simons (TR) (Zamora, Nancy) WARNING: See docket entry no# 18 for corrective action. Modified on 7/11/2025 (SH). (Entered: 07/11/2025) |
| 07/11/2025 | 17 (6 pgs) | Notice of motion/application *, with proof of service,* Filed by Trustee Larry D Simons (TR) (RE: related document(s)16 Application to Employ Zamora & Hoffmeier, A Professional Corporation as Trustee Counsel --*Application by Larry D. Simons, Chapter 7 Trustee, to Employ Zamora & Hoffmeier as General Counsel; Declaration of Disinterestedness; Trustee Declaration, with proof of service,* Filed by Trustee Larry D Simons (TR)). (Zamora, Nancy) (Entered: 07/11/2025) |

**EXHIBIT 9 (Page 3 of 15)**

| | | |
|---|---|---|
| 07/11/2025 | 18 | Notice to Filer of Error and/or Deficient Document **Document filed with a holographic signature that is computer-generated, for the Trustee, on page 6 & 14 without the appropriate declaration. The filer needs to review the Local Rule 9011-1(C) regarding computer-generated signatures and attach the appropriate declaration. If the filer needs any assistance, please contact the ECF Help Desk at 213-894-2365. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE PROPER SIGNATURES.** (RE: related document(s)16 Application to Employ filed by Trustee Larry D Simons (TR)) (SH) (Entered: 07/11/2025) |
| 07/14/2025 | 19 (28 pgs) | Application to Employ Zamora & Hoffmeier, APC as Trustee's Counsel *; Declaration of Disinterestedness; Trustee Declaration, with proof of service [refiled with Trustee's holographic signatures]* Filed by Trustee Larry D Simons (TR) (Zamora, Nancy) (Entered: 07/14/2025) |
| 07/16/2025 | 20 | Trustee's Notice of 341(a) Meeting Continued to be held on 8/12/2025 at 02:00 PM at Zoom - Simons: Meeting ID 495 175 0324, Passcode 3027598776, Phone 1 909 498 7813. trustee review (Simons (TR), Larry) (Entered: 07/16/2025) |
| 07/28/2025 | 21 (16 pgs) | Opposition to (related document(s): 19 Application to Employ Zamora & Hoffmeier, APC as Trustee's Counsel *; Declaration of Disinterestedness; Trustee Declaration, with proof of service [refiled with Trustee's holographic signatures]* filed by Trustee Larry D Simons (TR)) *with Exhibits 1 through 6 and Proof of Service* Filed by Debtor Vickie Lynn Amburgey (Shaw, Summer) (Entered: 07/28/2025) |
| 07/31/2025 | 22 (3 pgs) | Notice of Hearing *, with proof of service,* Filed by Trustee Larry D Simons (TR) (RE: related document(s)19 Application to Employ Zamora & Hoffmeier, APC as Trustee's Counsel *; Declaration of Disinterestedness; Trustee Declaration, with proof of service [refiled with Trustee's holographic signatures]* Filed by Trustee Larry D Simons (TR)). (Zamora, Nancy) (Entered: 07/31/2025) |
| 07/31/2025 | 23 (2 pgs) | Proof of service *of Judge's Copies* Filed by Trustee Larry D Simons (TR) (RE: related document(s)17 Notice of motion/application, 19 Application to Employ Zamora & Hoffmeier, APC as Trustee's Counsel *; Declaration of Disinterestedness; Trustee Declaration, with proof of service [refiled with Trustee's holographic signatures]*). (Zamora, Nancy) (Entered: 07/31/2025) |

**EXHIBIT 9 (Page 4 of 15)**

| | | |
|---|---|---|
| 07/31/2025 | 24 | Hearing Set (RE: related document(s)19 Application to Employ filed by Trustee Larry D Simons (TR)) The Hearing date is set for 8/19/2025 at 11:00 AM at Crtrm 303, 3420 Twelfth St., Riverside, CA 92501. The case judge is Magdalena Reyes Bordeaux (SH) (Entered: 07/31/2025) |
| 07/31/2025 | 25<br>(6 pgs) | Reply to (related document(s): 19 Application to Employ Zamora & Hoffmeier, APC as Trustee's Counsel *; Declaration of Disinterestedness; Trustee Declaration, with proof of service [refiled with Trustee's holographic signatures]* filed by Trustee Larry D Simons (TR), 21 Opposition filed by Debtor Vickie Lynn Amburgey) *, with proof of service* Filed by Trustee Larry D Simons (TR) (Zamora, Nancy) (Entered: 07/31/2025) |
| 08/18/2025 | 26 | Trustee's Notice of 341(a) Meeting Continued to be held on 9/9/2025 at 02:00 PM at Zoom - Simons: Meeting ID 495 175 0324, Passcode 3027598776, Phone 1 909 498 7813. trustee review (Simons (TR), Larry) (Entered: 08/18/2025) |
| 08/19/2025 | 27<br>(45 pgs; 2 docs) | Motion to compel trustee to abandon interest in property of estate *with Notice of Motion, Declaration of Vickie Lynn Amburgey, Supplemental Notice, Exhibits 1 through 10 and Proof of Service*. Fee Amount $199, Filed by Debtor Vickie Lynn Amburgey (Attachments: # 1 Exhibit Exhibits 1 through 10) (Shaw, Summer) WARNING: See docket entry no# 28 & #29 for corrective action.(SH). (Entered: 08/19/2025) |
| 08/19/2025 | 28 | Notice to Filer of Error and/or Deficient Document **Other - The filing fee for the Motion has not been paid. Filer is to process the filing fee through Pay.gov. If the filer has any questions or concerns, please contact the ECF Helpdesk at 213-894-2365. THIS MATTER WILL NOT BE SET FOR HEARING UNTILL THE FILING FEE IS PAID IN FULL.** (RE: related document(s)27 Motion to compel trustee to abandon property (fee) filed by Debtor Vickie Lynn Amburgey) (SH) (Entered: 08/19/2025) |
| 08/19/2025 | | Receipt of Motion to compel trustee to abandon property (fee)( 6:25-bk-11653-RB) [motion,mcmpel] ( 199.00) Filing Fee. Receipt number A58827359. Fee amount 199.00. (re: Doc# 27) (U.S. Treasury) (Entered: 08/19/2025) |

**EXHIBIT 9 (Page 5 of 15)**

| | | |
|---|---|---|
| 08/19/2025 | 29 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing time was selected. Judge Reyes Bordeaux's Ch 7 L/M time is at 11:00 a.m. not 2:00 p.m. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH THE CORRECT HEARING INFORMATION. THIS MOTION WILL NOT BE SET FOR CALENDAR UNTIL CORRECTIONS ARE MADE.** (RE: related document(s)27 Motion to compel trustee to abandon property (fee) filed by Debtor Vickie Lynn Amburgey) (SH) (Entered: 08/19/2025) |
| 08/19/2025 | 30 | Hearing Held - Granted (RE: related document(s)19 Application to Employ filed by Trustee Larry D Simons (TR)) (SH) (Entered: 08/19/2025) |
| 08/19/2025 | 31 | Hearing Held - Granted per the tentative ruling (RE: related document(s) 68 Trustee's Final Report and Application for Compensation). (SH) (Entered: 08/19/2025) |
| 08/19/2025 | 32 (5 pgs) | Notice of lodgment *of Employment Order, with proof of service,* Filed by Trustee Larry D Simons (TR) (RE: related document(s)19 Application to Employ Zamora & Hoffmeier, APC as Trustee's Counsel *; Declaration of Disinterestedness; Trustee Declaration, with proof of service [refiled with Trustee's holographic signatures]* Filed by Trustee Larry D Simons (TR)). (Zamora, Nancy) (Entered: 08/19/2025) |
| 08/19/2025 | 33 (2 pgs) | Order Granting Application to Employ Zamora & Hoffmeier as General Counsel (BNC-PDF) (Related Doc # 16), Granting Application to Employ Zamora & Hoffmeier (BNC-PDF) (Related Doc # 19) Signed on 8/19/2025. (SH) (Entered: 08/19/2025) |
| 08/20/2025 | 34 (20 pgs) | Application to Employ RE/MAX Desert Properties and Nathan Genovese as Real Estate Broker *and pay commission from sale of property; declarations in support thereof; statement of disinterestedness with proof of service* Filed by Trustee Larry D Simons (TR) (Simons (TR), Larry) (Entered: 08/20/2025) |
| 08/20/2025 | 35 (5 pgs) | Notice of motion/application *with proof of service* Filed by Trustee Larry D Simons (TR) (RE: related document(s)34 Application to Employ RE/MAX Desert Properties and Nathan Genovese as Real Estate Broker *and pay commission from sale of property; declarations in support thereof; statement of disinterestedness with proof of service* Filed by Trustee Larry D Simons (TR) (Simons (TR), Larry)). (Simons (TR), Larry) (Entered: 08/20/2025) |
| 08/20/2025 | 36 (5 pgs) | Notice of Hearing *Amended Notice of Hearing on Debtor's Motion to Compel Trustee to Abandon Property of the Estate with Amended Supplemental Notice of Hearing to be Held Remotely Using ZoomGov and Proof of Service (to correct the* |

| | | |
|---|---|---|
| | | *hearing time only)* Filed by Debtor Vickie Lynn Amburgey (RE: related document(s)27 Motion to compel trustee to abandon interest in property of estate *with Notice of Motion, Declaration of Vickie Lynn Amburgey, Supplemental Notice, Exhibits 1 through 10 and Proof of Service*. Fee Amount $199, Filed by Debtor Vickie Lynn Amburgey (Attachments: # 1 Exhibit Exhibits 1 through 10) (Shaw, Summer) WARNING: See docket entry no# 28 & #29 for corrective action.(SH).). (Shaw, Summer) (Entered: 08/20/2025) |
| 08/21/2025 | 37 | Hearing Set (RE: related document(s)27 Motion to compel trustee to abandon property (fee) filed by Debtor Vickie Lynn Amburgey) The Hearing date is set for 9/9/2025 at 11:00 AM at Crtrm 303, 3420 Twelfth St., Riverside, CA 92501. The case judge is Magdalena Reyes Bordeaux (SH) (Entered: 08/21/2025) |
| 08/21/2025 | 38 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)33 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 08/21/2025. (Admin.) (Entered: 08/21/2025) |
| 08/25/2025 | 39 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Delmotte, Joseph. (Delmotte, Joseph) (Entered: 08/25/2025) |
| 08/26/2025 | 40 (16 pgs) | Opposition to (related document(s): 27 Motion to compel trustee to abandon interest in property of estate *with Notice of Motion, Declaration of Vickie Lynn Amburgey, Supplemental Notice, Exhibits 1 through 10 and Proof of Service*. Fee Amount $199, filed by Debtor Vickie Lynn Amburgey) *; Declaration in Support, with proof of service,* Filed by Trustee Larry D Simons (TR) (Zamora, Nancy) (Entered: 08/26/2025) |
| 09/02/2025 | 41 (10 pgs) | Reply to (related document(s): 40 Opposition filed by Trustee Larry D Simons (TR)) *Trustee's Opposition to Debtor's Motion to Compel Trustee to Abandon Property of the Estate with Exhibit 11 and Proof of Service* Filed by Debtor Vickie Lynn Amburgey (Shaw, Summer) (Entered: 09/02/2025) |
| 09/09/2025 | 42 (5 pgs) | Notice of lodgment *of Order Denying Motion to Compel Abandonment of Property of the Estate, with proof of service,* Filed by Trustee Larry D Simons (TR) (RE: related document(s)27 Motion to compel trustee to abandon interest in property of estate *with Notice of Motion, Declaration of Vickie Lynn Amburgey, Supplemental Notice, Exhibits 1 through 10 and Proof of Service*. Fee Amount $199, Filed by Debtor Vickie Lynn Amburgey (Attachments: # 1 Exhibit Exhibits 1 through 10) (Shaw, Summer) WARNING: See docket entry no# 28 & #29 for corrective action.(SH).). (Zamora, Nancy) (Entered: 09/09/2025) |

**EXHIBIT 9 (Page 7 of 15)**

| | | |
|---|---|---|
| 09/09/2025 | 44 | Hearing Held - DENIED (RE: related document(s)27 Motion to compel trustee to abandon property (fee) filed by Debtor Vickie Lynn Amburgey) (SH) (Entered: 09/10/2025) |
| 09/10/2025 | 43 | Trustee's Initial Report & First Meeting Held (Simons (TR), Larry) (Entered: 09/10/2025) |
| 09/11/2025 | 45 (2 pgs) | Order Denying Motion To Compel Abandonment of property of the estate (BNC-PDF) (Related Doc # 27 ) Signed on 9/11/2025 (SH) (Entered: 09/11/2025) |
| 09/12/2025 | 46 (28 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) *with proof of service* Filed by Trustee Larry D Simons (TR) (RE: related document(s)34 Application to Employ RE/MAX Desert Properties and Nathan Genovese as Real Estate Broker *and pay commission from sale of property; declarations in support thereof; statement of disinterestedness with proof of service*). (Simons (TR), Larry) (Entered: 09/12/2025) |
| 09/13/2025 | 47 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)45 Order on Motion to Compel (BNC-PDF)) No. of Notices: 1. Notice Date 09/13/2025. (Admin.) (Entered: 09/13/2025) |
| 09/15/2025 | 48 (2 pgs) | Order Granting Application to Employ RE/MAX Desert Properties/Nathan Genovese as Real Estate Broker and Pay Commission from Sale of Property (BNC-PDF) (Related Doc # 34) Signed on 9/15/2025. (SH) (Entered: 09/15/2025) |
| 09/17/2025 | 49 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)48 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 09/17/2025. (Admin.) (Entered: 09/17/2025) |
| 10/06/2025 | 50 | Trustee Certification of Services Rendered Under 11 U.S.C. Section 330(e). I rendered the following service in the case and am eligible for payment under 11 U.S.C. Section 330(e): Conducted or filed a document required by rule or statute related to a meeting of creditors required by 11 U.S.C. Section 341. I declare under penalty of perjury that the foregoing is true and correct. (Executed on 10/6/2025). Filed by Trustee Larry D Simons (TR) (RE: related document(s) 43 Trustee's Initial Report & First Meeting Held (Simons (TR), Larry)). (Simons (TR), Larry) (Entered: 10/06/2025) |

**EXHIBIT 9 (Page 8 of 15)**

| | | |
|---|---|---|
| 02/19/2026 | 51 (59 pgs; 2 docs) | Motion to compel trustee to abandon interest in property of estate *Renewed Notice of Motion and Motion to Compel with Declarations in Support Thereof and Exhibits 1 through 16 and Proof of Service*. Fee Amount $199, Filed by Debtor Vickie Lynn Amburgey (Attachments: # 1 Exhibit Exhibits 1-16) (Shaw, Summer) (Entered: 02/19/2026) |
| 02/19/2026 | | Receipt of Motion to compel trustee to abandon property (fee)( 6:25-bk-11653-RB) [motion,mcmpel] ( 199.00) Filing Fee. Receipt number A59701963. Fee amount 199.00. (re: Doc# 51) (U.S. Treasury) (Entered: 02/19/2026) |
| 02/20/2026 | 52 | Hearing Set (RE: related document(s)51 Motion to compel trustee to abandon property (fee) filed by Debtor Vickie Lynn Amburgey) The Hearing date is set for 3/24/2026 at 11:00 AM at Crtrm 303, 3420 Twelfth St., Riverside, CA 92501. The case judge is Magdalena Reyes Bordeaux (SH) (Entered: 02/20/2026) |
| 03/17/2026 | 53 (4 pgs) | Stipulation By Vickie Lynn Amburgey and *Larry D Simons, Chapter 7 Trustee and the United States of America on behalf of the Internal Revenue Service to Continue Hearing On Renewed Motion To Compel Abandonment Of Property Of The Estate [Docket No 51] with Proof of Service* Filed by Debtor Vickie Lynn Amburgey (Shaw, Summer) (Entered: 03/17/2026) |
| 03/17/2026 | 54 (4 pgs) | Notice of lodgment *of Order in Bankruptcy Case re Stipulation to Continue Hearing on Renewed Motion to Compel Abandonment of Property of the Estate with Copy of Order and Proof of Service* Filed by Debtor Vickie Lynn Amburgey (RE: related document(s)53 Stipulation By Vickie Lynn Amburgey and *Larry D Simons, Chapter 7 Trustee and the United States of America on behalf of the Internal Revenue Service to Continue Hearing On Renewed Motion To Compel Abandonment Of Property Of The Estate [Docket No 51] with Proof of Service* Filed by Debtor Vickie Lynn Amburgey). (Shaw, Summer) (Entered: 03/17/2026) |
| 03/17/2026 | 55 (2 pgs) | Order Granting Motion/Stipulation to continue hearing on Renewed Motion to Compel Abandonment of Property of the Estate (docket no# 53) - The hearing date set for 3/24/26 at 11 a.m. is continued to 4/7/26 at 11 a.m. in Courtroom 303, see order for details. (BNC-PDF) (Related Doc # 53 ) Signed on 3/17/2026 (SH) (Entered: 03/17/2026) |
| 03/17/2026 | | Hearing Rescheduled/Continued (Motion) (BK Case - BNC Option) (RE: related document(s) 51 MOTION TO COMPEL TRUSTEE TO ABANDON PROPERTY (FEE) filed by Vickie Lynn Amburgey) Hearing to be held on 04/07/2026 at 11:00 AM 3420 Twelfth StreetCourtroom 303Riverside, CA 92501 for 51 , (SH) (Entered: 03/17/2026) |

**EXHIBIT 9 (Page 9 of 15)**

| | | |
|---|---|---|
| 03/19/2026 | 56 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)55 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 03/19/2026. (Admin.) (Entered: 03/19/2026) |
| 03/24/2026 | 57 | Hearing Held - Vacated. Continued to 4/7/26 at 11:00 AM (RE: related document(s)51 Motion to compel trustee to abandon property (fee) filed by Debtor Vickie Lynn Amburgey) (CJ) (Entered: 03/24/2026) |
| 03/25/2026 | 58 (4 pgs) | Stipulation By Vickie Lynn Amburgey and *Larry Simons, Chapter 7 Trustee, and the United States of America on behalf of the Internal Revenue Service to Continue Hearing On Renewed Motion To Compel Abandonment Of Property Of The Estate [Docket No 51] with Proof of Service* Filed by Debtor Vickie Lynn Amburgey (Shaw, Summer) (Entered: 03/25/2026) |
| 03/25/2026 | 59 (5 pgs) | Notice of lodgment *of Order in Bankruptcy Case re Stipulation to Continue Hearing on Renewed Motion to Compel Abandonment of Property of the Estate with Copy of Order and Proof of Service* Filed by Debtor Vickie Lynn Amburgey (RE: related document(s)58 Stipulation By Vickie Lynn Amburgey and *Larry Simons, Chapter 7 Trustee, and the United States of America on behalf of the Internal Revenue Service to Continue Hearing On Renewed Motion To Compel Abandonment Of Property Of The Estate [Docket No 51] with Proof of Service* Filed by Debtor Vickie Lynn Amburgey). (Shaw, Summer) (Entered: 03/25/2026) |
| 03/27/2026 | 60 (2 pgs) | Order on stipulation to continue hearing on renerwed motion compel abanonment of property of the estater.Contiued to 5/19/26 at11:00 A.M. Crm 303. Re: (BNC-PDF) (Related Doc # 58 ) Signed on 3/27/2026 (YG) (Entered: 03/27/2026) |
| 03/27/2026 | | Hearing Rescheduled/Continued (Motion) (BK Case - BNC Option) (RE: related document(s) 51 MOTION TO COMPEL TRUSTEE TO ABANDON PROPERTY (FEE) filed by Vickie Lynn Amburgey) Hearing to be held on 05/19/2026 at 11:00 AM 3420 Twelfth StreetCourtroom 303Riverside, CA 92501 for 51 , (YG) (Entered: 03/27/2026) |
| 03/29/2026 | 61 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)60 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 03/29/2026. (Admin.) (Entered: 03/29/2026) |
| 04/07/2026 | 62 | Hearing Held - Vacated; Continued to 5/19/26 at 11:00 a.m. (RE: related document(s)51 Motion to compel trustee to abandon property (fee) filed by Debtor Vickie Lynn Amburgey) (SH) (Entered: 04/11/2026) |

**EXHIBIT 9 (Page 10 of 15)**

| | | |
|---|---|---|
| 05/04/2026 | 63 (1 pg) | Transcript Order Form, regarding Hearing Date 09/09/2025 Filed by Debtor Vickie Lynn Amburgey. (Shaw, Summer) (Entered: 05/04/2026) |
| 05/05/2026 | 64 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 26-RB-09. RE Hearing Date: 09/09/2025, [TRANSCRIPTION SERVICE PROVIDER: Briggs Reporting, Inc., Telephone number 310-410-4151.] (RE: related document(s)63 Transcript Order Form (Public Request) filed by Debtor Vickie Lynn Amburgey) (SH) (Entered: 05/05/2026) |
| 05/06/2026 | 65 (4 pgs) | Stipulation By Vickie Lynn Amburgey and *Larry D Simons, Chapter 7 Trustee to Continue Hearing on Renewed Motion to Compel Abandonment of Property of the Estate [Docket No 51] with Proof of Service* Filed by Debtor Vickie Lynn Amburgey (Shaw, Summer) (Entered: 05/06/2026) |
| 05/06/2026 | 66 (5 pgs) | Notice of lodgment *of Order in Bankruptcy Case re Stipulation to Continue Hearing on Renewed Motion to Compel Abandonment of Property of the Estate with Proof of Service* Filed by Debtor Vickie Lynn Amburgey (RE: related document(s)65 Stipulation By Vickie Lynn Amburgey and *Larry D Simons, Chapter 7 Trustee to Continue Hearing on Renewed Motion to Compel Abandonment of Property of the Estate [Docket No 51] with Proof of Service* Filed by Debtor Vickie Lynn Amburgey). (Shaw, Summer) (Entered: 05/06/2026) |
| 05/07/2026 | 67 (11 pgs) | Transcript regarding Hearing Held 09/09/25 RE: MOTION TO COMPEL TRUSTEE TO ABANDON INTEREST IN PROPERTY OF ESTATE. Remote electronic access to the transcript is restricted until 08/5/2026. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: BRIGGS REPORTING COMPANY, INC., Telephone number 310-410-4151.]. Notice of Intent to Request Redaction Deadline Due By 5/14/2026. Redaction Request Due By 05/28/2026. Redacted Transcript Submission Due By 06/8/2026. Transcript access will be restricted through 08/5/2026. (Steinhauer, Holly) (Entered: 05/07/2026) |
| 05/11/2026 | 68 (2 pgs) | Order On Stipulation To Continue Hearing On Renewed Motion To Compel Abandonment Of Property Of The Estate. Continued to May 26, 2026 at 11:00 A.M. Crtrm 301. Re: (BNC-PDF) (Related Doc # 65 ) Signed on 5/11/2026 (YG) (Entered: 05/11/2026) |
| 05/11/2026 | | Hearing Rescheduled/Continued (Motion) (BK Case - BNC Option) (RE: related document(s) 51 MOTION TO COMPEL |

**EXHIBIT 9 (Page 11 of 15)**

| | | |
|---|---|---|
| | | TRUSTEE TO ABANDON PROPERTY (FEE) filed by Vickie Lynn Amburgey) Hearing to be held on 05/26/2026 at 11:00 AM 3420 Twelfth StreetCourtroom 303Riverside, CA 92501 for 51 , (YG) (Entered: 05/11/2026) |
| 05/12/2026 | 69 (12 pgs) | Opposition to (related document(s): 51 Motion to compel trustee to abandon interest in property of estate *Renewed Notice of Motion and Motion to Compel with Declarations in Support Thereof and Exhibits 1 through 16 and Proof of Service*. Fee Amount $199, filed by Debtor Vickie Lynn Amburgey) *, with proof of service,* Filed by Trustee Larry D Simons (TR) (Zamora, Nancy) (Entered: 05/12/2026) |
| 05/13/2026 | 70 (7 pgs) | Opposition to (related document(s): 51 Motion to compel trustee to abandon interest in property of estate *Renewed Notice of Motion and Motion to Compel with Declarations in Support Thereof and Exhibits 1 through 16 and Proof of Service*. Fee Amount $199, filed by Debtor Vickie Lynn Amburgey, 69 Opposition filed by Trustee Larry D Simons (TR)) Filed by Creditor United States of America on behalf of the Internal Revenue Service (Tanner, Jolene) (Entered: 05/13/2026) |
| 05/13/2026 | 71 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)68 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 05/13/2026. (Admin.) (Entered: 05/13/2026) |
| 05/19/2026 | 72 | Hearing Held - VACATED; Continued to 5/26/26 at 11:00 a.m. (RE: related document(s)51 Motion to compel trustee to abandon property (fee) filed by Debtor Vickie Lynn Amburgey) (SH) (Entered: 05/19/2026) |
| 05/19/2026 | 73 (11 pgs) | Reply to (related document(s): 69 Opposition filed by Trustee Larry D Simons (TR), 70 Opposition filed by Creditor United States of America on behalf of the Internal Revenue Service) *(1) Trustee's Opposition and (2) The United State's Opposition to Debtor's Renewed Motion to Compel Abandonment of Property of the Estate with Declaration of Summer Shaw with Exhibit 11 and Proof of Service* Filed by Debtor Vickie Lynn Amburgey (Shaw, Summer) (Entered: 05/19/2026) |
| 05/20/2026 | 74 (1 pg) | Hearing Rescheduled/Continued (RE: related document(s)51 Motion to compel trustee to abandon property (fee) filed by Debtor Vickie Lynn Amburgey) The Hearing date is set for 6/16/2026 at 11:00 AM at Crtrm 301, 3420 Twelfth St., Riverside, CA 92501. The case judge is Magdalena Reyes Bordeaux (SH) (Entered: 05/20/2026) |
| 05/20/2026 | | Hearing Rescheduled/Continued (Motion) (BK Case - BNC Option) (RE: related document(s) 51 MOTION TO COMPEL TRUSTEE TO ABANDON PROPERTY (FEE) filed by Vickie Lynn Amburgey) Hearing to be held on 06/16/2026 at 11:00 |

EXHIBIT 9 (Page 12 of 15)

| | | |
|---|---|---|
| | | AM 3420 Twelfth StreetCourtroom 301Riverside, CA 92501 for 51 , (SH) (Entered: 05/20/2026) |
| 05/20/2026 | 75 (2 pgs) | Order Continuing Hearing on Motion to Compel Abandonment of Property of the Estate - The hearing set for 5/26/26 at 11:00 a.m. is continued to 6/16/26 at 11:00 a.m., in Courtroom 301 (BNC-PDF) (Related Doc # 51 ) Signed on 5/20/2026 (SH) (Entered: 05/20/2026) |
| 05/22/2026 | 76 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)75 Order on Motion to Compel (BNC-PDF)) No. of Notices: 1. Notice Date 05/22/2026. (Admin.) (Entered: 05/22/2026) |
| 05/22/2026 | 77 (3 pgs) | BNC Certificate of Notice (RE: related document(s)74 Hearing Rescheduled/Continued (Motion) (BK Case - BNC Option)) No. of Notices: 1. Notice Date 05/22/2026. (Admin.) (Entered: 05/22/2026) |
| 05/26/2026 | 78 | Hearing Held - Vacated; Continued to 6/16/26 at 11:00 a.m. (RE: related document(s)51 Motion to compel trustee to abandon property (fee) filed by Debtor Vickie Lynn Amburgey) (SH) (Entered: 05/26/2026) |
| 06/16/2026 | 79 (1 pg) | Transcript Order Form, regarding Hearing Date 06/16/2026 Filed by Debtor Vickie Lynn Amburgey (RE: related document(s)51 Motion to compel trustee to abandon interest in property of estate *Renewed Notice of Motion and Motion to Compel with Declarations in Support Thereof and Exhibits 1 through 16 and Proof of Service*. Fee Amount $199,). (Shaw, Summer) (Entered: 06/16/2026) |
| 06/16/2026 | | Hearing Rescheduled/Continued (Motion) (BK Case - BNC Option) (RE: related document(s) 51 MOTION TO COMPEL TRUSTEE TO ABANDON PROPERTY (FEE) filed by Vickie Lynn Amburgey) Hearing to be held on 07/14/2026 at 11:00 AM 3420 Twelfth StreetCourtroom 301Riverside, CA 92501 for 51 , (SH) (Entered: 06/16/2026) |
| 06/17/2026 | 80 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 26-RB-12. RE Hearing Date: 06/16/26, [TRANSCRIPTION SERVICE PROVIDER: Briggs Reporting, Inc, Telephone number 310-410-4151.] (RE: related document(s)79 Transcript Order Form (Public Request) filed by Debtor Vickie Lynn Amburgey) (SH) (Entered: 06/17/2026) |
| 06/25/2026 | 81 | Transcript regarding Hearing Held 06/16/26 RE: CONT NOTICE OF RENEWED MOTION. Remote electronic access to the transcript is restricted until 09/23/2026. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service |

**EXHIBIT 9 (Page 13 of 15)**

| | | |
|---|---|---|
| | | Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: BRIGGS REPORTING COMPANY, INC., Telephone number 310-410-4151.]. Notice of Intent to Request Redaction Deadline Due By 7/2/2026. Redaction Request Due By 07/16/2026. Redacted Transcript Submission Due By 07/27/2026. Transcript access will be restricted through 09/23/2026. (Steinhauer, Holly) (Entered: 06/25/2026) |
| 07/08/2026 | 82 (2 pgs) | Order Continuting Hearing on Notice of Renewed Motion and Renewed Motion to Compel Abandonment of Property of the Estate - The hearing set for 7/14/26 at 11:00 a.m. is continued to 7/21/26 at 11 a.m. in Courtroom 301 (BNC-PDF) (Related Doc # 51 ) Signed on 7/8/2026 (SH) (Entered: 07/08/2026) |
| 07/08/2026 | | Hearing Rescheduled/Continued (Motion) (BK Case - BNC Option) (RE: related document(s) 51 MOTION TO COMPEL TRUSTEE TO ABANDON PROPERTY (FEE) filed by Vickie Lynn Amburgey) Hearing to be held on 07/21/2026 at 11:00 AM 3420 Twelfth StreetCourtroom 301Riverside, CA 92501 for 51 , (SH) (Entered: 07/08/2026) |
| 07/10/2026 | 83 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)82 Order on Motion to Compel (BNC-PDF)) No. of Notices: 1. Notice Date 07/10/2026. (Admin.) (Entered: 07/10/2026) |
| 07/14/2026 | 84 | Hearing Held - VACATED; Continued to 7/21/26 at 11:00 a.m. (RE: related document(s)51 Motion to compel trustee to abandon property (fee) filed by Debtor Vickie Lynn Amburgey) (SH) (Entered: 07/15/2026) |
| 07/21/2026 | 85 | Hearing Held - DENIED (RE: related document(s)51 Motion to compel trustee to abandon property (fee) filed by Debtor Vickie Lynn Amburgey) (SH) (Entered: 07/21/2026) |
| 07/24/2026 | 86 (1 pg) | Transcript Order Form, regarding Hearing Date 07/21/26 Filed by Debtor Vickie Lynn Amburgey. (Shaw, Summer) (Entered: 07/24/2026) |
| 07/28/2026 | 87 (6 pgs) | Notice of lodgment *of Order Denying Renewed Motion to Compel Abandonment of Property of the Estate, with proof of service,* Filed by Trustee Larry D Simons (TR) (RE: related document(s)51 Motion to compel trustee to abandon interest in property of estate *Renewed Notice of Motion and Motion to Compel with Declarations in Support Thereof and Exhibits 1 through 16 and Proof of Service*. Fee Amount $199, Filed by Debtor Vickie Lynn Amburgey (Attachments: # 1 Exhibit Exhibits 1-16)). (Zamora, Nancy) (Entered: 07/28/2026) |
| 07/28/2026 | 88 (3 pgs) | Order Denying Renewed Motion to Compel Abandonment of Property of the Estate (BNC-PDF) (Related Doc # 51 ) Signed |

**EXHIBIT 9 (Page 14 of 15)**

| | | |
|---|---|---|
| | | on 7/28/2026 (SH) (Entered: 07/28/2026) |
| 07/29/2026 | 89 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 26-RB-17. RE Hearing Date: 07/21/26, [TRANSCRIPTION SERVICE PROVIDER: Briggs Reporting, Inc., Telephone number 310-410-4151.] (RE: related document(s)86 Transcript Order Form (Public Request) filed by Debtor Vickie Lynn Amburgey) (SH) (Entered: 07/29/2026) |
| 07/30/2026 | 90 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)88 Order on Motion to Compel (BNC-PDF)) No. of Notices: 1. Notice Date 07/30/2026. (Admin.) (Entered: 07/30/2026) |
| 07/31/2026 | 91 | Transcript regarding Hearing Held 07/21/26 RE: CONT NOTICE OF RENEWED MOTION AND RENEWED MOTION TO COMPEL ABANDONMENT OF PROPERTY OF THE ESTATE RE: 69110 ALISO ROAD, CATHEDRAL CITY, CA. Remote electronic access to the transcript is restricted until 10/29/2026. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: BRIGGS REPORTING COMPANY, INC., Telephone number 310-410-4151.]. Notice of Intent to Request Redaction Deadline Due By 8/7/2026. Redaction Request Due By 08/21/2026. Redacted Transcript Submission Due By 08/31/2026. Transcript access will be restricted through 10/29/2026. (Steinhauer, Holly) (Entered: 07/31/2026) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/09/2026 16:03:19 | | | |
| **PACER Login:** | Shawhanover | **Client Code:** | ssrivera |
| **Description:** | Docket Report | **Search Criteria:** | 6:25-bk-11653-RB Fil or Ent: filed From: 5/11/2024 To: 8/10/2026 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 10 | **Cost:** | 1.00 |

**EXHIBIT 9 (Page 15 of 15)**

Summer Shaw, Esq. (SBN 283598)
Alina Mamlyuk, Esq. (SBN 284154)
SHAW & HANOVER, PC
44-901 Village Court, Suite B
Palm Desert, CA 92260
Telephone No.: (760) 610-0000
Facsimile No.: (760) 687-2800
Email ss@shaw.law
*Special Counsel for Debtor, Vickie Lynn Amburgey*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>Vickie Lynn Amburgey<br><br>Debtor. | Case No.: 6:25-bk-11653-RB<br><br>Chapter: 7<br><br>**ORDER TO SHOW CAUSE WHY THE UNITED STATES OF AMERICA, ON BEHALF OF ITS AGENCY, THE INTERNAL REVENUE SERVICE , SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR WILLFULY VIOLATING THE DISCHARGE INJUNCTION**<br><br>Hearing set for:<br>Date: September ___, 2026<br>Time: 2:00 p.m.<br>Crtrm: 301<br>Place: 3420 12th Street, Riverside, CA 92501 |

The Debtor's Motion for an Order to Show Cause Why The United States Of America, On Behalf Of Its Agency, The Internal Revenue Service, Should Not be Held in Contempt of Court for Willfully Violating the Discharge Injunction ("Motion") was filed on August 11, 2026 as docket number _____. The Motion seeks an order to show cause against The United States Of America, On Behalf Of Its Agency, The Internal Revenue Service (the "IRS"/"Respondent") for violating the discharge injunction in this case by filing liens on Debtor's residence after it released prior liens on the residence that relate to a debt that was discharged and which specific regulations state cannot cause the new lien/revocation of the prior lien to be retroactive.

The Order of Discharge for the Debtor was entered on June 30, 2025. In a Chapter 7 case,

subject to certain exceptions, "[t]he [bankruptcy] court shall grant the debtor a discharge." 11 U.S.C. § 727(a). The discharge order, when entered, "discharges the debtor from all debts that arose before the date of the [bankruptcy filing]" with some exceptions and "operates as an injunction against the commencement or continuation of an action . . . to collect, recover or offset any [discharged] debt as a personal liability of the debtor." 11 U.S.C. §§ 727(b); 523, and 524(a)(2).

The IRS tax debt that gives rise to the IRS Tax Liens (all capitalized terms in this order take on the same definition given to them in the Motion), have their origins in taxes unpaid for years 2013 through 2018, and clearly constitute alleged debt that arose prior to the Petition Date. See *Boeing North American, Inc. v. Ybarra (In re Ybarra)*, 424 F.3d 1018, 1022-23 (9th Cir. 2005) ("a claim arises, for purposes of discharge in bankruptcy, at the time of the events giving rise to the claim."). As such, the IRS tax debt presumably falls within the parameters of the discharge described by § 727(b). The IRS tax debt was scheduled in the case and the IRS filed the IRS Claim. To the Debtor's knowledge, none of the IRS's pre-petition claim is excepted from discharge under any of the exceptions enumerated in 11 U.S.C. §§ 523 or 727. Instead, the IRS Claim is all related to tax years and were assessed upon dates that meet the requirements for discharge, which is outside the scope of the discharge exceptions created by § 523. Accordingly, as a claim which arose before the Petition Date and which is not excepted from discharge under § 523, the IRS tax debt/IRS Claim is a discharged debt subject to the protection of the discharge injunction of § 524.

The Motion further alleges that the IRS, subsequent to the Discharge, caused to be recorded the IRS Tax Lien Releases on September 3, 2025 (*i.e.* Release 1 and 2), which released the IRS Tax Liens pertaining to the Debtor's 2013 through 2016 and 2018 taxes, respectively, at which point in time there were no longer any IRS Tax Liens on the Residence. On December 19, 2025, the IRS then caused to be recorded the Revocation, purporting to ***reinstate*** Tax Lien 1, the tax lien related to the 2013 through 2016 taxes, which was previously released by Release 1 and was a debt discharged by the Debtor's Discharge.

Further, on January 30, 2026, the IRS caused to be recorded the Post-Discharge Tax Lien, purporting to also reinstate a portion of Tax Lien 1/the discharged debt. Debtor alleges the attempt to reinstate/re-record the released Tax Lien 1 was ineffective for three reasons: 1) the unilateral acts

of the IRS violated the automatic stay (discussed in the Motion); 2) the tax debt had been *discharged* and there was no tax liability to support the new post-Discharge liens (*i.e.* the Revocation and the Post-Discharge Tax Lien); and 3) even if reinstatement was effective, a reinstated tax lien is only effective on and after the date the notice of revocation is mailed to the taxpayer; it is not retroactive under C.F.R. §301.6325-1(f)(2)(iii). The Revocation does not state when it was "mailed to the (Debtor)" but it represents to have been signed on December 4, 2025, and recorded on December 19, 2025, both, well after the Discharge.

IT IS ORDERED that the Motion is granted and Respondent shall appear in person/by Zoom on September ______, 2026 at 2:00 p.m. and show cause, if there is any, why it should not be found in contempt of court for violating the Debtor's discharge injunction by failing to cease collection efforts against the Debtor on a discharge debt, by filing post-discharge liens on the Debtor's Residence, after receiving notice of the Debtor's bankruptcy case and Discharge.

IT IS FURTHER ORDERED that Respondent may be sanctioned in the amount sufficient to compensate the Debtor for attorney's fees and costs incurred in addressing the violation of the discharge injunction, which total no less than $6,262.50 as of August 11, 2026, and which continue to accrue and could ultimately be as high as $50,000.00 based upon proof to be submitted by the Debtor.

IT IS FURTHER ORDERED that Respondent shall file a response to this order to show cause no later than August ________, 2026.

###

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **44-901 Village Court, Suite B, Palm Desert, CA 92260**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S MOTION FOR AN ORDER TO SHOW CAUSE WHY THE INTERNAL REVENUE SERVICE SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR KNOWINGLY VIOLATING THE DISCHARGE INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF VICKEY LYNN AMBURGEY AND SUMMER SHAW IN SUPPORT THEREOF WITH EXHIBITS 1 THROUGH 10** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **08/11/2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Joseph C Delmotte** ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
- **Summer M Shaw** ss@shaw.law, shawsr70161@notify.bestcase.com;shawsr91811@notify.bestcase.com
- **Larry D Simons (TR)** larry@janus.law, c119@ecfcbis.com;nancy@lsimonslaw.com;simonsecf@gmail.com;keila@janus.law
- **Paul M Stoddard** pstodd5772@aol.com
- **Jolene Tanner** jolene.tanner@usdoj.gov, caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov
- **United States Trustee (RS)** ustpregion16.rs.ecf@usdoj.gov
- **Nancy H Zamora** zamora3@aol.com

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **08/11/2026**I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| **HONORABLE JUDGE'S COPY**<br>**Honorable Magdalena Reyes Bordeaux**<br>**United States Bankruptcy Court**<br>**3420 Twelfth Street**<br>**Riverside, CA 92501-3819** | **Alleged Contemnors**<br>**Internal Revenue Service**<br>**P.O. Box 7346**<br>**Philadelphia, PA 19101-7346** |
| **Alleged Contemnors**<br>**Civil Process Clerk**<br>**United States Attorney's Office**<br>**Federal Building, Room 7516**<br>**300 North Los Angeles Street**<br>**Los Angeles, CA 90012** | **Alleged Contemnors**<br>**Attorney General**<br>**United States Department of Justice**<br>**Ben Franklin Station**<br>**P. O. Box 683**<br>**Washington, DC 20044** |
| **Manual Notice List**<br>**RE/MAX Desert Properties**<br>**c/o Nathan Genovese**<br>**74907 US Highway 111**<br>**Indian Wells, CA 92210** | **Manual Notice List**<br>**Zamora & Hoffmeier**<br>**633 W 5th Ste 2600**<br>**Los Angeles, CA 90071** |

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** <u>(state method for each person or entity served)</u>: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _______________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 08/11/2026 | Teresa Stone | [signature] |
| Date | Printed Name | Signature |